# W. E. REYNOLDS and W. LUSK v. S. L. DAVIS, Appellant.

### Division Two, April 7, 1924.

1. **PLEADING: Motion to Strike Out: Waiver.** Error in overruling certain motions to strike out portions of the petition, where sufficient allegations remain to state a cause of action after other like motions are sustained, is waived by answering over.

2. **FRAUD AND DECEIT: Evidence: Puffing Representations: Part of Transaction.** Representations which are mere matters of opinion or mere boosting and puffing, if part of the conversations and actionable representations leading up to the transaction, are not erroneously admitted in evidence in an action for fraud and deceit. But such puffing or predictive representations should not by the instructions be submitted to the jury as a basis for their verdict, but the case should be submitted only on the actionable representations alleged and proved.

3. ———: **Measure of Damages: Loss of Bargain.** In an action of fraud and deceit, based on the false representations of the lessor in inducing the lessees to lease an ore-bearing farm, the lessees may be awarded such damages as will enable them to receive, not only the difference between the actual market value of the property and the price they paid therefor, but over and above such damage whatever is the difference between the price actually paid for the property and what its value would have been if it had been as represented.

4. ——: ——: **Pleading Special Damages: Evidence and Instructions.** In an action of fraud and deceit, based upon actionable fraudulent representations which induced plaintiffs to purchase an interest in ore-bearing lands, the measure of damages is the difference between its actual value and the value as represented, and this is made up of two elements, namely, the difference between the real value and the price paid, plus the difference between the price paid and the value as represented, but said second element need not be specifically and separately pleaded, nor specifically or separately proved or submitted, for the two elements constitute one whole. An allegation that, because of and in reliance upon the false representations, plaintiffs paid a certain price for the property and their damages are a certain sum, is sufficient to embrace the difference between the real value and the value as represented, and proof of its real value and what its value would have been if it had been as represented is likewise sufficient, and an instruction which directs the jury to determine the difference between the real value and the value as represented authorizes a verdict for both elements of damage and is within the pleading and the proof.

5. ——: ——: **Instruction: Confining Consideration to Representations.** Defendant cannot complain that an instruction telling the jury that, if they find for plaintiffs, they "will assess their damages at such sum as represents the difference between the actual value of the property purchased by them and what it would have been worth if it had been as represented by defendant" did not exclude a consideration of other non-actionable statements and representations made by defendant, where the court, at his request, gave an instruction telling the jury upon what representations the case was submitted, and he asked no instruction withdrawing such other statements and representations from their consideration.

6. ——: ——: ——: **Time of Fixing Value.** In an action for fraud and deceit in selling an interest in land, an instruction which does not limit the jury to any particular time in fixing the value to be placed upon the land is not reversible error where the testimony as to such value was all directed to the time the land was purchased.

7. ——: **Personal Investigation: Concealment: Confidential Relations: Emptor Caveat.** Substantial evidence that one of the purchasers was associated in business with a certain third person, who was the manager of the common enterprise; that defendant, knowing that said plaintiff reposed confidence in such third person, employed him as his agent to assist him in making the sale of a two-thirds interest in defendant's farm to plaintiffs, and paid him a large commission to do so; that defendant falsely represented to

Reynolds v. Davis.

said plaintiff and led him to believe that said third person was purchasing the remaining one-third interest, and concealed from plaintiffs the fact that he was paying him the commission, is sufficient to justify an instruction telling the jury that defendant cannot rely upon the fact that plaintiffs did not make further investigation as to the truthfulness of the representations made to them by defendant and said agent.

8. ————: Evidence: Reasons for Selling: Parts of Transaction. Defendant's reasons for selling the land may not constitute actionable fraudulent representations, and for that reason should not be submitted to the jury as a ground for a verdict for plaintiff in an action of fraud and deceit, but if his statements of such reasons constitute a part of the transaction and of his fraudulent representations it is not error to admit them in evidence.

9. ————: ————: Knowledge of Fraud: Part Performance. Knowledge of the vendor's fraud acquired after the vendee has partly performed the contract does not prevent a full performance; after acquiring such knowledge, the vendee may refuse to go on with the contract and sue for the money already paid, or complete his part of the contract and sue for damages if the property prove to be not as represented. Hence, where the vendor falsely represented to the vendees, who were buying a two-third interest in the property, that a certain third person, who sustained a confidential relation with one of them, was buying the remaining one-third, it was not error to refuse to permit the vendor to show that the other vendee, after having made the first payment called for by the contract, learned that said third party was paid a commission by the vendor to make the sale.

10. ————: ————: Impeachment: In Rebuttal. In an action of fraud and deceit, wherein defendant has testified, testimony may be offered in rebuttal by plaintiff to show that defendant's reputation for honesty and fair dealing is bad. In such case defendant is subject to impeachment like any other witness.

Headnote 1: Pleading, 31 Cyc. 752. Headnotes 2 to 4 and 7 to 9: Fraud, 27 C. J. secs. 198 (1926 Anno), 220, 243, 157, 271, 224, 26 C. J. sec. 55 (1926 Anno), 27 C. J. sec. 194 (1926 Anno). Headnotes 5 and 6: Fraud, 27 C. J. sec. 271; Trial, 38 Cyc. 1696. Headnote 10: Witnesses, 40 Cyc. 2594.

Appeal from Dade Circuit Court.—*Hon. Berry G. Thurman*, Judge.

AFFIRMED.

*John I. Williamson* and *Owen & Davis* for appellant.

(1) Motion numbered 1 to strike out certain portions of plaintiffs' amended petition should have been sustained, for the reason that the allegations sought to be stricken out do not show any confidential trust, or fiduciary relations between plaintiffs and Bower, and for the further reason that their acquaintance and business relations with said Bower did not authorize them to rely upon their acquaintance and business relations with him without an investigation of facts open and patent to investigation. The fact, if it be a fact, that plaintiffs and Bower were good friends, or that they had been associated with him in business deals, and that they had confidence in his integrity and in his judgment did not exempt them from the rule of *caveat emptor.* 12 R. C. L. sec. 5, p. 234; Fisher v. Seitz, 172 Mo. App. 162, 171. (2) Motion numbered 2 to strike out the allegation ''that the same was worth from one hundred and twenty-five to one hundred and fifty dollars per acre for farming purposes alone'' should have been sustained, for the reason that the same was the expression of a mere opinion, and not a warranty of value, and for the reason that no fact is pleaded tending to show that plaintiffs had no opportunity to inspect the land in question, or that defendant prevented an inspection or inquiry as to its value. Cornwall v. Real Estate Co., 150 Mo. 383; Anderson v. McPike, 86 Mo. 293; Nauman v. Oberle, 90 Mo. 666; Moody v. Baxter, 167 Mo. App. 522; Lewis v. Land Co., 124 Mo. 687; Anderson v. McPike, 86 Mo. 300; Funding & Foundry Co. v. Heskett, 125 Mo. App. 533; Brown v. Railroad, 187 Mo. App. 109; Dunn v. White, 63 Mo. 186; Judd v. Walker, 215 Mo. 326. (3) Motion numbered 3 to strike out should have been sustained, because the statement ''that the same was a rich and profitable mining proposition and could be operated with great profit to the plaintiffs,'' is the expression of a mere opinion. Fisher v. Seitz, 172 Mo. App. 162; Brown v. Lead & Zinc Mining Co., 194 Mo. 681. (4) Answering over did not waive the

errors committed by the court in overruling said motions. If the matters sought to be stricken out by said motions stood alone and were the sole grounds of plaintiffs' cause of action, no cause of action would be stated, and a general demurrer would lie; and answering over after the overruling of such demurrer, would not waive the error. It has been held time and time again, in the broadest language, and apparently without exception or limitation, that error committed in overruling motions to make a petition more definite and certain was waived by answering over; but this cannot be true in all cases, because the Statute of Jeofails does not cure the omission of an essential averment of the petition, and which cannot be inferred from the language used, because no cause of action is stated. Andrews v. Lynch, 27 Mo. 167; O'Toole v. Lowenstein, 177 Mo. App. 665; Swift v. Fire Ins. Co., 179 Mo. 613; Lumber Co. v. Railroad Co., 197 Mo. App. 551. (5) The court committed error in permitting plaintiffs to introduce evidence in support of the allegations of the petition sought to be stricken out by said motions, for the reasons already stated; and the poisonous effect of such evidence was not cured by the court instructing the jury that the plaintiffs sought to recover upon two grounds only, to-wit, that defendant represented that the land in question had produced $60 worth of wheat per acre for the year 1917, and that the defendant represented that the shaft had passed through an ore body thirty feet in depth and that ten or fourteen feet of said ore body was practically solid ore giving approximately fifty per cent of recovery, and that there were drill holes on said land which had as good a showing as the shaft. Glenn v. St. Louis Ry. Co., 167 Mo. App. 109. (6) The court committed error in permitting plaintiffs, over the objections and exceptions of defendant, to introduce testimony showing what the value of the farm would have been, if it had been as represented, for the reason the petition does not state any fact or facts authorizing the introduction of such testimony. The difference between what said farm was actually worth and what it would have been worth

if it had been as represented, represents the "profits," the "gains" or "benefits" of the bargain. Kendrick v. Ryus, 225 Mo. 150, 165. Such profits, gains or benefits are special, and not general damages. In actions to recover such damages, the pleader must state facts showing the amount or extent of such damages and showing the suffering thereof, whether the action is based upon breach of contract or upon tort. 35 Cyc. 587, note 97; 2 Sutherland on Damages (3 Ed.) sec. 419, p. 1162; Mellor v. Railroad Co., 105 Mo. 464; Slaughter v. Railroad Co., 116 Mo. 269; Goepel v. Kurtz Action Co., 167 N. Y. Supp. 317; Campbell v. Chillicothe, 175 Mo. App. 436. (7) The court committed error in giving on behalf of plaintiffs instruction numbered 2, authorizing the jury, if they found the issues for the plaintiffs, to assess their damages at such sum as represented the difference between the actual value of the interest purchased by the plaintiffs in the farm and what such interest would have been worth if the land had been as represented, for the following reasons: (a) No facts are pleaded showing what said farm was actually worth, or what it would have been worth if it had been as represented. (b) It authorized the jury to take into consideration all of the testimony given in relation to all of the statements and representations claimed to have been made by Davis, and did not confine the jury to the statements and representations claimed to have been made by defendant as to the value of wheat produced during the year 1917 and as to the ore body through which the shaft passed and the per cent of recovery thereof, and the showing of the drill holes near the shaft. (c) It did not limit the jury to any particular time in fixing the value to be placed upon said land. (8) The court committed error in giving on behalf of plaintiffs instruction numbered 3, for the following reasons: (a) It does not require the jury to find that plaintiffs reposed confidence and trust in the witness Bower on account of and by reason of the fact that they had been interested and associated with him in business transactions. (b) It is not based upon any evidence in the case tending to show such

business relations with either Lusk or Reynolds as would authorize them to rely upon the truth of any statement that Bower may have made to them during the negotiations for the purchase of the farm. (c) It assumes that defendant knew of the existence of such business relations, although the evidence does not tend to show in the remotest degree that defendant knew of the existence of business relations between plaintiffs and Bower. (9) The court committed error in refusing the request of defendant, at the close of plaintiffs' case, to strike out the testimony of plaintiffs Lusk and Reynolds to the effect that Bower had stated to them that the royalties from the operation of the mine upon the land would soon pay for the land, for the reason that it was not the statement of any fact, but an expression of an opinion as to what he thought could be done in the future, and for the further reason that the business relations between the plaintiffs and said Bower were not such that plaintiffs had a right to rely upon such opinion. Brown v. Mining Co., 194 Mo. 701; Wilson v. Jackson, 167 Mo. 156; Cornwall v. Real Estate Co., 150 Mo. 377. (10) The court committed error in refusing defendant permission to testify that before the second cash payment was made, and before the notes which were given in payment of the purchase price were executed, and before the deed of trust which was given to secure these notes was executed and delivered by him, that he had a conversation with Reynolds about the commission he was paying to Bower. (11) The reason that the reputation of defendant for honesty and fair dealing was not in issue in this case was improper, irrelevant and immaterial and did not tend to prove any issue involved in the trial of this suit. Black v. Epstein, 221 Mo. 304; Bank v. Richmond, 235 Mo. 542; Gourley v. Callahan, 190 Mo. App. 670.

*Horace Ruark, Ben M. Neale* and *Leo H. Johnson* for respondents.

(1) Defendant by answering over waived all objections to the action of the court in overruling defendant's

motions to strike out parts of plaintiffs' petition. Lewis v. Barnes, 220 S. W. 487; Sitting v. Kersting, 223 S. W. 742. (2) Defendant's motions numbered 1, 2, 3, 5, and 8, were properly overruled. (a) Motion 1 attempted to strike out the allegation as to the former friendly and business relations between the plaintiffs and defendant's agent, Bower. When this relation is taken along with the allegation that Bower purchased with the plaintiffs ostensibly as a co-purchaser, and that he was secretly in the pay of the defendant and acting for him, and that Bower was assuming at the same time to act as agent for the plaintiffs thereafter in procuring a sale of sub-leases upon the land, it shows a relation of confidence between plaintiffs and Bower; one that the law does not permit to be abused, and furnished good reason for disarming the vigilance of the plaintiffs. It was proper for the plaintiffs to plead the circumstances under which the representations were made as showing their right to rely thereon and that they were fraudulently induced to forbear making inquiry. 12 R. C. L. sec. 168, p. 422; 27 C. J. secs. 155, 156, 181, pp. 36, 50; Wells v. Huston, 29 Tex. Civ. App. 619. (b) By motions 2, 3, and 5, defendant sought to strike from the petition statements of the defendant as to the value of the land in question. Such statements were not only material but actionable by reason of the ignorance of the plaintiffs and the superior knowledge of the defendant and the fact that he knew they were relying upon his statements, and by reason of the confidential relation assumed by the defendant toward plaintiffs through having his agent work into their confidence as an assumed co-purchaser to act as their agent thereafter. Where the parties do not stand upon an equal footing of opportunity and knowledge, a positive assertion by the vendor of the value of the thing held in treaty, may be actionable. Stonements v. Head, 248 Mo. 243; 14 Ency. of Law (2 Ed.) 38; 20 Cyc. 22; 26 C. J. sec. 24, p. 1086; 12 R. C. L., sec. 48, p. 283; Wagner v. Binder, 187 S. W. 1128; Garrett v. Wamfried, 67 Mo. App. 437; Zundelowitz v. Waggoner, 211 S. W. 598; Olston v. Oregon

Water Co., 20 L. R. A. (N. S.) 915, 926; Morrow v. Franklin, 233 S. W. 232. (c) By motion 8 the defendant sought to strike from the petition the statements of defendant's agent Bower, as to the value of the lands and the price at which he could sell sub-leases thereon and that there was a ready market for the sub-leases at the price of $2500 for each twenty-acre tract. These statements of Bower blending a present market price with predictions of what he could and would do in the future were admissible and material on account of the confidential relation existing between him and the plaintiffs, Bower assuming to join plaintiffs as a co-purchaser, being in the real estate business, and evidently having good information and knowledge and assuming to act as plaintiffs' agent thereafter. It was in this manner that defendant was able to make his deal. A promise intended and used as a snare and device to accomplish what would amount to a fraud is actionable as a false representation. 14 Ency. Law (2 Ed.) 51; Sweet v. Kimball, 166 Mass. 332. Where special confidence is reposed, statements of opinion are actionable. Stonements v. Head, 248 Mo. 268. And a false promise is actionable where there is a relation of trust and confidence, or where it is used as a device to accomplish fraud. 12 R. C. L. sec. 28, p. 261. The false opinion of an expert is actionable, and defendant was an expert in land values. 26 C. J. sec. 23, p. 1086; Stonements v. Head, 248 Mo. 243. Statements relating to the future will not preclude liability for fraud if such statements were intended and accepted as representations of fact and involved a matter peculiarly within the speaker's knowledge; nor if artifice was used to prevent the hearer from learning the truth. 26 C. J. sec. 25, p. 1090; Wendell v. Ozark Orchard Co., 200 S. W. 747; Luchow v. K. C. Breweries, 183 S. W. 1123. Predictions as to the future are admissible where they are coupled with a false statement of existing fact. 14 Ency. Law (2 Ed.) 41, 54; Wakefield v. Morse, 186 S. W. 1148; Wendell v. Ozark Orchard Co., 200 S. W. 747. That joint purchasers of property occupy a fiduciary relation toward one another calling for the utmost good faith

is unquestionably the law. 12 R. C. L. sec. 72, p. 311, 312; 26 C. J. sec. 18, p. 1076; Paddock v. Bray, 88 S. W. 419; Hess v. Draffen Co., 99 Mo. App. 580; Garrott v. Mann-fried, 67 Mo. App. 437; Constant v. Lehman, 52 Kan. 227; Bergson v. Miles, 88 Wis. 397; Thompson v. Lyons, 281 Mo. 430. (3) The plaintiffs properly placed in evidence the condition and relation of the parties and all the acts and declarations of those charged with fraud. 27 C. J. sec. 181, p. 50; Slike v. Sandrock, 55 Pa. Sp. Ct. 99; 12 R. C. L. 168, pp. 422-429; 14 Ency. Law (2 Ed.) 198; Hagen v. McCombs, 180 N. W. 770. Where fraud is at issue, great latitude is permitted in the introduction of evidence and the whole transaction involving the alleged fraud may be given in evidence and other representations made in connection with those charged may be given in evidence also. 27 C. J. sec. 181, pp. 50-51 and sec. 162, p. 40; 14 Ency. Law (2 Ed.) 195; 12 R. C. L. 429; Smally v. Hale, 37 Mo. 102; Hopkins v. Sievert, 58 Mo. 201; Bank v. Cran-dall, 87 Mo. 208; Mosby v. Commission Co., 91 Mo. App. 500; Reynolds v. Ins. Co., 62 Mo. App. 104; Wagoner v. Binder, 187 S. W. 1128; Schack v. Solar Gas Co., 222 Pa. St. 271; First Nat. Bank v. Honey, 29 S. D. 284. (4) Plaintiffs' instruction numbered 2 properly set forth the measure of damages. Kendrick v. Ryus, 225 Mo. 150; Morrow v. Franklin, 233 S. W. 224; Ryan v. Miller, 236 Mo. 496; Addis v. Swofford, 180 S. W. 548; Boyce v. Gen-rick, 154 Mo. App. 198; Thompson v. Lyons, 281 Mo. 430. The measure of damages is the difference between the represented value and the value received. Boyd v. Wahl, 175 Mo. App. 181. (a) The damages were sufficiently al-leged, the petition alleging the amount paid, the value of the land received, and that plaintiffs had been damaged in the sum of $25,000. Adding the amount the plaintiffs al-lege they were damaged to the value of the thing received, and you have the represented value. Adams v. Barber, 157 Mo. App. 370; Bringham v. Judy Invest. Co., 186 S. W. 15; St. Louis Trust Co. v. Bambrick, 149 Mo. 560. (5) The deposition of Caruthers was properly admitted in evidence. The defendant had testified at the time of

the offering of this deposition, and his reputation for honesty and fair dealing was thus open to attack as a matter of impeachment. State v. Shields, 13 Mo. 236; Kingman and Co. v. Shawley, 61 Mo. App. 54; State v. Hamilton, 55 Mo. 520; State v. Breeden, 58 Mo. 507; State v. Grant, 76 Mo. 236. (6) Defendants offer to prove that some days after the execution of the contract, defendant told plaintiff Reynolds that he was paying Bower a commission, was rightly refused, as the contract had been entered into and a substantial amount paid thereon before that time and plaintiffs could affirm the contract and sue for damages. Nauman v. Oberle, 90 Mo. 666; Campbell v. Hoff, 129 Mo. 317, 324; Edwards v. Noel, 88 Mo. App. 435; Bean v. Bickley, 187 Iowa, 689; Pryor v. Foster, 130 N. Y. 171.

DAVID E. BLAIR, P. J.—Action for damages for fraud and deceit in the sale to plaintiffs of an undivided two-thirds interest in certain land and a mining lease in Newton County, Missouri. From a judgment for plaintiffs in the sum of $16,000 the defendant has appealed.

The suit was instituted in Newton County, and was tried in Dade County upon a change of venue. The land involved comprised 160 acres. It is referred to as the Bert (Burt) West farm. The amended petition, upon which the case was tried, contained numerous charges of fraudulent representations.

Appellant makes no contention that the petition did not state a cause of action, or that plaintiffs failed to make a case for the jury, and we will not set out such petition or undertake to recite in detail the facts which the evidence of the plaintiffs and defendant tended to establish, except as such facts may be further developed in disposing of the numerous assignments of error. Such assignments are that the trial court erred in refusing to strike out certain parts of the petition, in admitting improper evidence offered by plaintiffs and refusing to strike out improper testimony upon motion of defendant,

in excluding proper evidence offered by defendant, in giving improper instructions at plaintiffs' request and in refusing proper instructions requested by defendant.

I. Defendant filed eight separate motions to strike out portions of the amended petition, each being directed to certain designated allegations in the petition. The trial court sustained motions four, six and seven, and overruled the remainder. Having saved his exceptions, defendant complains of this action.

<div style="margin-left:2em"><em>Motion to Strike Out.</em></div>

After the court overruled motions one, two, three, five and eight, defendant answered, admitting the sale of the land and the execution and delivery of the mining lease, as charged in the petition, and denied generally all the other allegations of the petition. Such action precludes us from considering whether the court erred in failing to strike out such portions of the petition. Even if such allegations should have been stricken out, sufficient allegations of fraudulent representations remained in said petition to constitute a good cause of action. In such case the rule is that the error in overruling the motion to strike out is waived by answering over. [Fuggle v. Hobbs, 42 Mo. 537; Walser v. Wear, 141 Mo. 443; Dakan v. Mercantile Co., 197 Mo. 238; Lewis v. Barnes, 220 S. W. (Mo.) 487; Sittig v. Kersting, 284 Mo. 143.]

Appellant seeks to avoid the force of this rule because, as he contends, the matters sought to be stricken out stated no cause of action and a general demurrer would lie, and cites cases which hold that, where the petition fails to state a cause of action, such petition may be attacked for the first time after verdict or even upon appeal. Such cases have no application where the petition states a good cause of action without the averments sought to be stricken out. The assignments of error in the court's rulings on motions to strike out are therefore overruled.

II. Appellant complains of the action of the trial court in permitting plaintiffs to offer evidence tending

to prove allegations in the petition which defendant sought unsuccessfully to have stricken out by the motion above referred to. This because such allegations were of representations which were mere matters of opinion, or mere boosting or puffing, and not such false representations as would support an action for fraud and deceit. Assuming, without so deciding, that defendant is correct in his characterization of such alleged false representations as not being actionable, yet such statements and representations were part of the conversations leading up to the closing of the transaction in issue and the plaintiffs were entitled to show such statements of defendant and of his agent Bower, in connection with other representations which in themselves did constitute actionable false representations.

*Puffing Representations.*

The general rule is laid down in 27 Corpus Juris, page 50, as follows:

"Where a question of fraud is involved, great latitude is ordinarily permitted in the introduction of evidence, although such latitude does not extend to the permission of the introduction of evidence wholly foreign to the issues or irrelevant to the transaction involved. Subject to this qualification it is proper to admit any evidence which is competent by other rules of law, either direct or circumstantial, which in the opinion of the court has a legitimate tendency to prove or disprove the allegations in issue, the matter resting largely in the discretion of the trial court. The whole transaction involving the alleged fraud may be given in evidence. Every relevant circumstance in the condition and relation of the parties, and subject-matter, and every act and declaration of the party charged with fraud, is competent evidence, if in the opinion of the court it bears such a relation to the transaction under investigation as to persuade the jury that the allegation of fraud is or is not well founded."

It is said in the same excellent work (27 C. J. pp. 39, 40) that: "While evidence of other false statements

than those charged in the declaration is not of course admissible if such other representations are relied upon as a part of the cause of action, it may frequently be admissible because relevant to the issue of fraud. Representations differing from. but tending to prove the representations set out, or to show that the representations set out may have influenced plaintiff, are admissible. Evidence of other representations contemporaneous with those set out in the declaration may be admissible to show the meaning, or the falsity, of those alleged, or to show *scienter;* or they may be admissible as evidentiary details of the main misrepresentation charged.''

The general rule as above announced has been recognized in adjudicated cases in Missouri. [Smalley v. Hale, 37 Mo. 102; Wagner v. Bender, 187 S. W. 1128, and cases cited therein.]

When the trial judge came to instruct the jury he was careful to submit the case to them only on the issue of the falsity of representations that the land had produced sixty dollars' worth of wheat per acre in 1917, and that a face of lead and zinc ore twenty or thirty feet high had been opened up in a shaft on said land, and that eight or ten feet of such ore was almost solid ore, which would run thirty per cent ore, and that drill holes had been sunk adjacent to such shaft which showed rich bodies of ore. At the request of defendant the trial court also instructed the jury that these were the allegations of fraud upon which plaintiffs sought to recover and that, unless they found and believed ''from the greater weight and credibility of the evidence that defendant made one or both of said statements,'' they should find for defendant. These two instructions were tantamount to withdrawing from the consideration of the jury, as actionable fraudulent representations, all other statements and representations of defendant which were mere matters of opinion or predictions or puffing. If the defendant desired more specific instructions withdrawing from the consideration of the jury any particular state-

ment or statements, he should have requested such instructions.

III.  It is next contended that the trial court erred in permitting plaintiffs to introduce testimony showing what the value of the said farm would have been, if it had been as represented, because, as it is said, the petition does not state any facts authorizing the introduction of such testimony.  For the same reason, similar complaint is made of Instruction Two.

Damages.

In a case of this sort and under proper pleading, a defrauded plaintiff may be awarded such damages as will enable him to receive not only the difference between the actual market value of the property and the price which he paid therefor, but something over and above such damages, if any, represented by the difference between the price actually paid by him for such property and what its value would have been if it had been as represented.  Such damages enable a defrauded party to obtain "the benefit of his bargain."  Recovery of such damages is authorized in Missouri, as is clearly shown by the following cases, which we find in respondent's brief:  Kendrick v. Ryus, 225 Mo. l. c. 165; Morrow v. Franklin, 233 S. W. l. c. 232; Ryan v. Miller, 236 Mo. l. c. 508; Addis v. Swofford, 180 S. W. l. c. 555; Bank v. Byers, 139 Mo. 627; Boyce v. Gingrich, 154 Mo. App. l. c. 204; Boyd v. Wahl, 175 Mo. App. 181.

Appellant does not contend that damages, as for the benefit of the bargain made, cannot be recovered, but insists that such damages are special and must be pleaded to authorize a recovery thereof, and further contends that respondent was not entitled to recover such special damages in this case because they were not pleaded.

Pleading and Proof.

The sufficiency of the petition to support such recovery is therefore the real question to be considered under this assignment.  If it is sufficient, both proof and instructions touching damages covering the benefit of the bargain were proper.  If such petition is not suffi-

cient to support such recovery, both the admission of such testimony and the giving of Instruction Two were error. Instruction two is as follows:

"If the jury find the issues for the plaintiffs, they will assess their damages at such sum, if any, as represents the difference between the actual value of the interest in the Bert West farm, purchased by plaintiffs, and what such interest would have been worth if it had been as represented by defendant (if you find it was represented by him) not to exceed the sum of twenty-five thousand dollars."

Respondents insist that their petition is sufficient to indicate that they sought to recover as damages the difference between the real and the represented value of the land. It may be they are correct in this. We will not consider it from that angle, as we prefer to dispose of the assignment upon broader grounds.

In none of the Missouri fraud cases cited in the briefs does there appear to have been any discussion of the question of pleading with reference to the recovery of damages for the benefit of the bargain. It is the general rule that such damages may be recovered. In 27 Corpus Juris, at page 92, it is said:

"The measure of the damages sustained by the purchaser where a purchase has been induced by fraud, is, according to the weight of authority, the difference between the real value of the property purchased and the value which it would have had had the representations been true."

As appears from the cases previously cited, the Missouri rule is in line with the weight of authority. It needs no citation of authorities to demonstrate that, if the measure of damages is the difference between the real and the represented value, the difference between the price paid and the value as represented constitutes merely a part of the usual and ordinary damages and does not constitute special or unusual damages and is recoverable as general damages, within the limit of damages claimed in the petition, without being specially pleaded,

303 Mo. Sup.—28.

just as the difference between the real value of the property purchased and the price paid therefor is included in such general damages. Expressed differently, the measure of damages, where property has been purchased under actionable fraudulent representations, is the difference between the real value and the value as represented, and this is made up of two elements, the difference between the real value and the price paid, plus the difference, if any, between the price paid and the value as represented. The two parts constitute the whole and conversely the whole is greater than and necessarily includes its parts.

Broadly sketched, the petition charged the making by defendant and his agent Bower of certain representations for the purpose of inducing plaintiffs to purchase the land in question and that plaintiffs relied thereon and, by reason of said representations, they paid two-thirds of the purchase price of $41,000 therefor; that said representations were false, etc., and prayed for damages in the sum of $25,000. Proof of what the value of said land would have been, if it had been as represented, was offered by plaintiffs and admitted by the trial court. We think the pleading and proof were sufficient to authorize the giving of Instruction Two and the recovery as damages of the difference between the real and the represented value of the land.

IV. Further complaint is made of Instruction Two, above set out, on the ground that it authorized the jury, in determining what the value of the land would have

Representations to be Considered.

been if it had been as represented, to take into consideration "all of the statements and representations claimed to have been made by Davis and did not confine the jury to the statements and representations claimed to have been made by defendant as to the value of wheat produced during the year 1917 and as to the ore body through which the shaft passed and the per cent of recovery thereof, and the showing of the drill holes near the shaft."

The trial court submitted the case only on the representations mentioned, and, at the request of defendant, gave an instruction telling the jury upon what representations the case was submitted. Defendant asked no instruction withdrawing other statements and representations from the consideration of the jury. This attack upon Instruction Two in this court is without merit.

Instruction two is further criticized because it did not limit the jury to any particular time in fixing the value to be placed upon said land. The testimony as to such value was all directed to the time the land was purchased and we do not think the jury could have been misled by the instruction. Defendant asked no instruction on the point, except as the time was fixed in defendant's refused Instruction A, which is discussed hereafter. While it is undoubtedly true that the value must be that of the sale date, we do not think this omission, on the record before us, constitutes reversible error.

Value at Particular Time.

V. Error is assigned to the giving of Instruction Three. It reads as follows:

"The court instructs the jury that if you find and believe from the evidence that prior to the time of the sale from defendant to plaintiffs the plaintiffs had been interested and associated with the said C. M. Bower in business transactions, and that they reposed trust and confidence in him, and if you further find that the defendant, knowing this, employed the said C. M. Bower to assist him in making the said sale, and that the defendant and the said Bower in furtherance of said attempt concealed from the plaintiffs the fact that the said Bower was being paid a commission for making said deal, and falsely represented to the plaintiffs and led them to believe that the said C. M. Bower was purchasing an undivided one-third interest in said real estate, covered in said purchase; and if you further find that by reason of said deception practiced by the defendant and the said Bower, they were led to believe and did believe that the said Bower was pur-

Personal Investigation: Concealment.

chasing an interest in said real estate on equal terms with them; and if you further find that the plaintiffs were, by reason of said deception and fraud, induced to enter into the contract and purchase said real estate, then the court instructs you that defendant cannot rely upon the fact that plaintiffs did not make further investigation as to the truthfulness of the representations made to them, if any, by the said C. M. Bower and by the defendant.''

The first point made against the instruction is that ''it does not require the jury to find from the evidence that plaintiffs, by reason of the fact that they and Bower had been associated in business transactions and that they reposed trust and confidence in Bower by reason thereof, believed and relied upon the fact that Bower was purchasing an interest in said real estate on equal terms with them. If the business transactions theretofore had between plaintiffs and Bower did not cause them to rely upon the truth of the statements made by Bower, then the rule of *caveat emptor* applies.''

The evidence shows that Bower and respondent Lusk had previously been associated together in a common enterprise, of which Bower was at that time the manager. The criticism of the instruction that it failed to require the jury to find that plaintiffs reposed confidence in Bower because of such previous business relations is purely technical and without substance. The natural inference from a finding that such previous business relations existed and that plaintiffs reposed confidence in Bower is that such confidence grew out of such previous business relations.

Again, appellant contends there is no evidence of such business relations between Bower and either Lusk or Reynolds as would authorize them to rely upon his statements. We think there is substantial evidence of business relations between Bower and Lusk of a confidential nature, because Bower was shown to have been managing some common enterprise. We do not understand appellant to contend that such business relations must have existed between Bower and all the purchasers.

The instruction is further criticized on the ground that it assumes defendant knew Bower and the plaintiffs had previously been associated in business. We do not think the instruction is justly subject to such criticism. It required a finding of previous business relations and then proceeded ''and if you further find that the defendant, knowing this, employed the said C. M. Bower,'' etc. It required not only a finding of the employment, but also knowledge of such prior business relationship.

The evidence shows that Bower told defendant he had some ''friends'' he thought he could interest in the purchase of the land. Defendant admitted that he secretly gave Bower a rebate or commission of about $3000, which was not given to the plaintiffs. There is also evidence tending to show that the checks given by Bower for his one-third interest were not cashed by the appellant. We think there is substantial evidence in the record tending to prove that defendant knew plaintiffs relied upon Bower because of prior business relations and that defendant took full advantage of plaintiffs' confidence in Bower. There is evidence of statements made by Bower regarding the land which had a tendency to lessen their vigilance in dealing with defendant. The assignment of error in respect to the giving of Instruction Three is overruled.

VI.  Defendant complains of the refusal of his requested Instruction A, which was as follows:

''The court instructs the jury that if you find for the plaintiffs under the instructions given in this case, then you will assess their damages at the difference between what plaintiffs paid defendant Davis for the lands purchased by them from him and the reasonable, fair market value of said lands at the time of the purchase thereof by plaintiffs from defendant Davis.''

**Measure of Damages.**

What we have above said concerning the sufficiency of the petition to authorize a recovery represented by the difference between the real value of the land and its value if it had been as represented shows that this instruction

improperly limited plaintiffs' recovery and that its refusal was proper.

VII.   Defendant complains of the refusal of Instruction C, which was as follows: "The court instructs the jury that the plaintiff cannot recover upon the ground

Commission.        that C. M. Bower was paid a commission." The petition did not seek, nor did any of the instructions given for plaintiffs authorize, a recovery on the ground that Bower was paid a commission. We are unable to understand on what theory Instruction C was offered by defendant. The evidence that Bower was paid a commission or given a rebate and that his checks were not cashed was clearly competent, but such facts were not pleaded, nor relied upon as a basis for recovery. Such evidence was merely corroborative proof of the existence of the basic facts in the case.

VIII.   Error is assigned because the trial court refused defendant's Instruction D, which was as follows:
"The court instructs the jury that if you find and believe from the evidence that the plaintiffs, by the exercise of ordinary care, could have investigated and as-

Personal Investigation.        certained the kind and character of the Bert West land for farming purposes and what it produced the preceding (year) here, then you will find the issues in favor of the defendant upon the allegation of misrepresentation as to the agricultural value and agricultural productiveness of said land."

This instruction ignored the evidence of the previous business relation of plaintiffs and Bower and the effect of such business relations upon the extent of the investigation plaintiffs were required to make because of such relationship. The instruction was therefore properly refused.

IX.   Complaint is made of the admission of testimony in respect to defendant's reasons for wishing to sell; that Bower said twenty-acre mining leases could be

sold for $2500 each; that the royalty would pay for the land in a short time. It is said defendant's reasons for selling were immaterial, and that the testimony as to such statements and representations did not constitute actionable fraudulent representations. Even if all this be true, all such statements were part of the transaction which plaintiffs were entitled to show. The trial court did not authorize the jury to find for plaintiffs upon such statements. Complaint is also made because the trial court refused to strike out said testimony. If the testimony was admissible in the first instance, and we think it was, the trial court properly refused to strike it out.

<span style="float:left">Reasons for Selling.</span>

X. Error is assigned in the refusal of the trial court to permit defendant to show knowledge on the part of plaintiff Reynolds that Bower was paid a commission. It appears that the first payment had been made at the time such knowledge is said to have been acquired by Reynolds. Plaintiffs could then have refused to go on with the contract and could have sued for the money then paid or they could go on with their contract and sue for damages if the property was not as represented. [Ryan v. Miller, supra, l. c. 509.] They chose the latter course and it is no defense to such action that plaintiffs, after partially performing their contract, obtained knowledge of such fact and afterward performed the contract on their part.

<span style="float:left">Knowledge of Fraud.</span>

XI. The final contention is that error was committed by the trial court in permitting plaintiffs to show by the deposition of witness Caruthers that the reputation of defendant for honesty and fair dealing was bad. This testimony was offered in rebuttal and for the purpose of impeaching defendant as a witness. This was proper. Defendant cites Black v. Epstein, 221 Mo. l. c. 304, 305; Bank v. Richmond, 235 Mo. l. c. 542 and Gourley v. Callahan, 190 Mo. App. l. c. 670. The cases are not in point.

In Black v. Epstein, appellant sought to show the good reputation of defendant for honesty and fair dealing when it had not been attacked. In Bank v. Richmond, the testimony of a witness was offered to *support* one whose reputation had not been attacked. In Gourley v. Callahan, it was held that where defendant was asked about attempting to violate a young woman other than the plaintiff, evidence of his good character was admissible.

In this case defendant took the stand and was subject to impeachment like any other witness. Evidence that his reputation for honesty and fair dealing was bad had a direct bearing upon the credit the jury should give to his testimony as a witness. The evidence was properly admitted. [Pioneer Stock Powder Co. v. Goodman, 201 S. W. (Mo. App.) 576 and cases cited; Williamson v. McElvain, 199 S. W. (Mo. App.) 567.]

XII. It is our conclusion that the case was well tried and that the record before us is free from reversible error. The judgment is affirmed. *Walker, J.,* concurs; *White, J.,* concurs in result and in all except Paragraph I.