MISSISSIPPI VALLEY TRUST COMPANY, ET AL., EXECUTORS, ESTATE OF FIRMIN DESLOGE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60039. Promulgated June 15, 1933.

*Stanley S. Waite, Esq.*, and *Abraham Lowenhaupt, Esq.*, for the petitioners.

*Frank T. Horner, Esq.*, for the respondent.

#### OPINION.

LEECH: At the outset petitioners assert this Board is concluded in its interpretation of decedent's will by the judgment of the probate court of St. Louis, where it was probated. We do not agree.

It may be conceded that " the right to succeed to the property of the decedent depends upon and is regulated by state law (*Knowlton* v. *Moore*, 178 U.S. 41, 57, and it is obvious that a judicial construction determines not only legally but practically the extent and character of the interests taken by the legatees." *Utterheart* v. *United States*, 240 U.S. 598, cited by petitioners.

The so-called estate tax, by virtue of which this disputed deficiency arises, is not a succession tax, but an excise on the transfer of the decedent's estate *at his death*. The rights of the parties hereto are determined entirely by the will of decedent. They accrued finally when the will became effective, the date decedent died, December 18, 1929. *Knowlton* v. *Moore, supra;* *Y.M.C.A.* v. *Davis*, 247 U.S.

47; *New York Trust Co.* v. *Eisner*, 256 U.S. 345; *Ithaca Trust Co.* v. *United States*, 279 U.S. 151; *Edwards* v. *Slocum*, 264 U.S. 61. The probate court proceedings urged as a bar to our construing the will here, occurred, therefore, *after* the rights of the parties to this appeal had become definitely fixed. The reversed chronological sequence of these court proceedings, as well as other material differences, clearly distinguish the present situation from that before the Supreme Court in the *Utterheart* case. Cf. *Kuhn* v. *Fairmont Coal Co.*, 215 U.S. 349; *Fidelity & Columbia National Bank* v. *Lucas*, 52 Fed. (2d) 298. It is further observed that in the *Utterheart* case the proceedings in the state court, brought by one executor against the other executor and beneficiaries of the will in issue, were actually adverse. All interested parties to the will were record litigants. In the pending case, so far as the record indicates, the state court proceedings were upon petition of the executors, *ex parte*, without the joinder of the other possibily antagonistic interest, or the only other interested person, the widow, who acquiesced. The petition, prayer and apparently the judgment thereon referred only to paragraph 3 of the will under discussion.

Petitioners claim a deducton of an asserted gift to an admittedly charitable corporation from decedent's gross estate in arriving at the statutory net estate subject to Federal estate tax.

The statute, the benefit of which is asserted, defines such deductible gifts and limits the means to effect them.[1] It provides two ways in which the protected " bequests, legacies, devises, or transfers * * * " shall be made, (1) directly " to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary or educational purposes * * * " and, (2) " to a trustee or trustees * * * to be used * * * exclusively for * * * [such purposes]." Nothing is included therein indicating deductibility of a gift effected by the exercise of a power of appointment. In other sections of the act from which the above is an excerpt, as well as all other Federal estate tax laws, beginning with the Federal Estate Tax Act of 1918, transfers of property by means of powers of appointment are treated separately

---

[1] [Revenue Act 1926.]   Sec. 303. For the purpose of the tax the value of the net estate shall be determined—

\* * * * * * *

(a) In the case of a resident, by deducting from the value of the gross estate—

(3) The amount of all bequests, legacies, devises, or transfers, * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, * * * or to a trustee or trustees * * * to be used * * * exclusively for * * * [such purposes].

and by definite designation.[2]  This omission in the quoted section excludes such transfers from the deductible class, unless a trust is raised thereby.  *Lang* v. *Commissioner*, 289 U.S. 109.  Its application leaves no alternative, though the results in particular situations appear harsh.  Cf. *Crooks* v. *Harrelson*, 282 U.S. 55; *Lang* v. *Commissioner*, *supra*.  But petitioners properly concede the will creates no such trust.  It named no trustees.  No definite or ascertainable amount of the estate was designated as a corpus.  Nor was there any imperative duty imposed upon anybody in the disposition of the disputed gift.  Thus no trust was created, since its observance could not be compelled.  *Howard* v. *Carusi*, 109 U.S. 725; *Hadley* v. *Forsee*, 303 Mo. 418; 101 S.W. 59; *Russell* v. *United States Trust Co.*, 127 Fed. 445.

The petitioner's novel position is that the amount of the controverted gift is deductible because it was effectively made to the concededly charitable corporation by decedent's will by the granting therein of a discretionary special power of appointment and its later exercise.  The power is said to be special because of the asserted inferential limitation on its use for charities.

The burden of the argument is that such a power of appointment as is said to be present here, although invalid as raising a trust, is here effective because the donees of this discretionary power are in existence, and may make those things certain which are not made so by the will, citing the maxim "*id certum est quod certum reddi potest.*"  They misconceive the philosophy and therefore the effect of the statute, the protection of which they seek.

It is this altruistic philosophy, clearly effected by the statute, that not only contemplates and justifies the exclusion, from this deductible class, of gifts effected by the exercise of a discretionary power of appointment, but properly grounds and harmonizes the interpretative judicial superstructure erected thereon.  This basic rationale is consistent with and practically disposes of the authorities cited by petitioners.

Undoubtedly Congress by the particular provision under discussion intended to favor gifts for charitable objects, but, as was aptly stated by Chief Justice Taft in *Y.M.C.A.* v. *Davis*, *supra*, it " was

---

[2] *Federal Estate Tax Acts:*

1916—Sec. 202.  No provision.

1917—Sec. 900.  Merely increased the rates.

1918—Sec. 402.  Value of gross estate includes (d) to the extent of any interest subject at decedent's death to any change through the exercise of a power, (e) extent of any property passing under general power of appointment exercised by decedent (1) by will, or (2) by deed executed in contemplation of or intended to take effect at or after death.

1921—Sec. 402 (e).  Same.

1924.—Sec. 302 (f).  Same.

1926—Sec. 302 (f).  Same.

1928—Makes no amendment of sec. 302 of 1926 Act.

1932—Makes no amendment of sec. 302 of 1926 Act.

thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries. It was intending to favor gifts for altruistic objects, not by specific exemption of those gifts but by encouraging the testators to make such gifts. Congress was in reality dealing with the testator before his death. It said to him: ' If you will make such gifts, we will reduce your death duties and measure them, not by your whole estate, but by that amount, less what you give.' "

Thus, in logically applying this formula, the element of absolute certainty was emphasized not only in the mechanics the testator was permitted to use, but by the adding of the word " exclusively " this same condition precedent of certainty was applied to the testator's intention to limit the gift to the secured class. The *sine qua non* of deductibility is that the gift should pass by the will, not within the discretion of anybody, but certainly and absolutely to one or more of the described corporations or through trustees, for the named purposes. *St. Louis Union Trust Co. et al., Executors*, 21 B.T.A. 1201; reversed in part on other grounds by the United States Circuit Court of Appeals, 8th Circuit, *St. Louis Union Trust Co.* v. *Burnet*, 59 Fed. (2d) 922; *Beekman's Estate*, 232 N.Y. 363; 134 N.E. 183; *John Markle et al., Executors*, 28 B.T.A. 201. The actual transfer of · the gift to the hospital by the executors was, at most, only indicative of the interpretation the executors placed upon the instrument. Cf. *Ithaca Trust Co.* v. *United States, supra; St. Louis Union Trust Co.* v. *Burnet, supra; John Markle et al., Executors, supra.*

When must this condition of certainty occur?

The deficiency here arises from a Federal estate tax act, which has its own criteria, irrespective of local law, *Weiss* v. *Wiener*, 279 U.S. 333, and is an excise on the transfer *from* decedent of rights extinguished by his death. It is imposed at death and *before* the beneficiary receives the gift. So, continuing the logical development of judicial interpretation of this controlling statutory provision, every fact must have been known or ascertainable *then*, at the imposition of the tax, to bring the gift within the protection of the questioned section. *Knowlton* v. *Moore, supra; Y.M.C.A.* v. *Davis, supra; New York Trust Co.* v. *Eisner, supra; Ithaca Trust Co.* v. *United States, supra; Edwards* v. *Slocum, supra.* Cf. *Hadley* v. *Forsee, supra.* It is immediately apparent that the exercise of a discretionary testamentary power of appointment could not satisfy this requisite.

In fact, if it were otherwise, the incongruous but logical result would be that gifts provided for by such discretionary powers would be deductible whether or not completed by the exercise of the power.

It is true the above decisions involve trusts and are therefore not factually in point. However, in our opinion, they very definitely do indicate the falacy of petitioner's position that gifts made by the exercise of a discretionary power of appointment, even if such a power were created and so exercised here, are deductible in reaching the amount of decedent's statutory net estate, subject to this tax. Obviously, approval of such a claim would be in bold opposition to the very purpose and intent of this legislation, emphasized in these cases, and permit indirectly that which is not allowed directly. *Child Labor Tax Case*, 259 U.S. 20.

But, assuming the correctness of petitioner's theory, in the abstract, is it applicable here? Does the present will contain a valid power of appointment? This turns upon the construction of the will before us. The intention of the testator is a cardinal rule in the construction of the will. *Smith* v. *Bell*, 6 Pet. 68; *Gibson* v. *Gibson*, 239 Mo. 490; 144 S.W. 770; R.S. 1909, sec. 583. That intention must be ascertained from the will as a whole, giving effect to all words therein in their ordinary sense, unless the testator manifested an intention otherwise. *Travers* v. *Reinhardt*, 205 U.S. 423; *Lane* v. *Vick*, 3 How. 464; *Hardenbergh* v. *Ray*, 151 U.S. 112; *Gibson* v. *Gibson*, *supra*.

Petitioners offer certain extrinsic testimony which appears in the stipulation of record. The objection of respondent to its admission is sustained and an exception noted to petitioner. Proper extrinsic evidence is admissible to remove certain ambiguities in a will. *Gilmer* v. *Stone*, 120 U.S. 586; *Coulam* v. *Doull*, 133 U.S. 216; *Patch* v. *White*, 117 U.S. 210; *Wilkins* v. *Allen*, 18 How. 385; cf. *McCoy* v. *Bradbury* (Mo., 1921), 235 S.W. 1047; *Bond* v. *Riley*, 296 S.W. 401, but *never* to *control* the construction of the will, *Barber* v. *Pittsburgh Ft. W. & C. R. Co.*, 167 U.S. 83, which must speak for itself in disclosing the intention of the testator. *Mackie* v. *Storey*, 93 U.S. 589.

The tendered extrinsic testimony of oral declarations of the testator as to his intentions is not admissible because, in our opinion, the present will is unambiguous. The offered testimony does not establish extrinsic facts, to resolve an ambiguity as was present in the cited cases, but is tendered for the purpose of showing the testator's intention as to the disposition of his estate to be other than that expressed in his will. Cf. *Barber* v. *Pittsburgh Ft. W. & C. R. Co.*, *supra; Mackie* v. *Storey*, *supra*.

Petitioners center their arguments upon the construction to be placed upon paragraph 3 of the will and practically ignore the rest of the instrument. The will as a whole shows clearly that the testator's primary intention was to provide amply for his wife and two sons to the full extent of his estate if that were necessary under

conditions existing at the time of his death which he could not foresee at the date the will was executed. Had charity been a primary object of his bounty and had he not been concerned with the amount ultimately to go to his wife and sons, the testator would have undoubtedly bequeathed a specific amount for charitable uses. Such intention stands out strongly when it is considered that paragraph 3 is followed by the other paragraphs which dispose of the testator's entire estate to his wife and two sons, absolutely, in fee. If it may be said that paragraph 3 expresses an intent inconsistent with that expressed in the other paragraphs of the will, the primary intention must control. *Smith* v. *Bell, supra.*

The testator's intention as expressed in the third paragraph of the will is clear and unquestionably consistent with his primary intention to devise and bequeath his entire estate to his wife and two sons.

The fourth paragraph of the will gives the entire estate, absolutely, not only to the two sons claiming to be donees of the power of appointment, but to the testator's widow, as well, who are the first takers. Petitioner then emphasized his intention to make his gift to these three loved ones absolute and practically foreclosed petitioner's argument here, by categorical denial of any charitable gift in the will. In passing upon the character and extent of the estate created by will, the court in *Gibson* v. *Gibson, supra,* said: " In what we have above expressed we do not wish to be understood as holding that what would otherwise be a fee in the first taker can be cut down to a less estate by ambiguous words, or words not as clear and strong as those in the devise to the first taker." Cf. *Schneider* v. *Kloepple,* 270 Mo. 389; 193 S.W. 834, following the *Gibson* case. We find no inference or expression in the instrument limiting this fee estate. A fee estate is absolute and therefore a power of appointment attached thereto is without effect. The absolute estate of the widow and two children stands undisturbed. Cf. *Gibson* v. *Gibson, supra; Leser* v. *Burnet,* 46 Fed. (2d) 756; Schouler on Wills, 6th ed., vol. 2, sec. 1247.

In effect, the will here merely expresses a wish that the sons in their sole discretion donate, as their own, any amount they deem best in accordance with the testator's wishes theretofore expressed in regard to charities. The sons were at liberty, subject to the acquiescence of their mother, to donate the entire net estate, or, if they chose, to make no donations, with the result that they and their mother would retain for themselves the entire net estate.

The action of respondent in disallowing the disputed deduction is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*