OSCAR A. MENKE and BESSIE MENKE v. MORRIS D. ROVIN, Appellant.—
No. 38576.—180 S. W. (2d) 24.

Division One, April 3, 1944.

Rehearing Denied, May 2, 1944.

Taylor R. Young and Alvin Goldman for appellant.

828

*Dubinsky & Duggan* for respondents.

832

■ DOUGLAS, J.—Oscar Menke and his wife Bessie sued Morris Rovin for fraud in the sale of real estate and obtained a judgment for $7,400 actual damages and $10,000 punitive damages, a total of $17,400. Rovin appeals.

Rovin owned a business building in the City of St. Louis described as 1215-1217-1219 Tamm Avenue. He solicited Menke to buy the building and represented to him that 1215 was leased to the A. & P. for $100 per month for a term of one year with right of renewal. This was true. He told Menke that 1217 was leased to Angelo Buzoe, operating a Cla-Tamm Cleaners and Hatters for $55 per month for a term expiring July 14, 1940; and that 1219 was leased to Beck and Guthrie operating the Tamm Cut Rate Drug Company for $100 per month for a term of five years with renewal privileges for an additional five years. The representations as to these two leases were false, it appearing that the lessees were stooges placed in the building by Rovin in order to make it appear that the property was producing a large income and a tempting bait for some unwary purchaser. The fixtures in both stores belonged to Rovin. Before buying, Menke went to his friend Altheimer for advice. In this connection Menke testified: Q. "And you were satisfied with the purchase and thought it would be a good transaction to make?" A. "Based upon the income it produced, yes, I would be satisfied." Q. "Based upon Mr. Altheimer's representations to you?" A. "Not necessarily." Q. "Sir?" A. "Not necessarily based upon Mr. Altheimer's representations; ■ based upon Rovin's representations as well." On direct examination Menke testified he relied on Rovin's representations about the rental in buying the property. On April 1st, 1938, the deal was closed. The lessees of the two fake leases tendered the monthly rentals due on that date to Menke, the money apparently furnished by Rovin. Menke paid for the property $8,900 in cash and assumed a deed of trust for $7,500 or a total purchase price of $16,400. Thereafter the tenants under the two fake leases left. The evidence showed that at the rental represented, $255 per month, the property would be worth from $16,000 to $17,500. However, the actual rental which the property would normally produce was shown to be only $160 per month, making the property worth from $8,500 to $9,000. Rovin concedes the evidence shows the two leases were not bona fide and were created to induce a prospective purchaser to buy the property but argues that Menke did not rely on his representations but acted on the advice of another, Menke's own real estate man. His argument was contradicted by Menke's testimony which shows that he relied on Rovin's representations about the rental derived from the leases which the jury believed.

Rovin's chief arguments are that the petition failed to state a cause of action; that Menke's instructions were erroneous, and that improper evidence was admitted.

■ Referring to a case of this character this court held: "It is essential to state a cause of action of that character to aver that such representations were false and so known to be by the defendant, and that such representations were made with the intention of deceiving plaintiff, and that plaintiff was deceived thereby, and relying upon such promises and representations he was induced to act to his injury." Remmers v. Remmers, 217 Mo. 541, 117 S. W. 1117. All these elements are found in the petition. The petition concluded with this paragraph: "Wherefore, plaintiff states they have sustained actual damages by reason of said false representations in the sum of $7,500.00, and they should be awarded punitive damages on account of the malicious statements made by defendant, in the sum of $15,000.00, and for which total sum of $22,500.00 these plaintiffs pray judgment against the defendant." Nowhere else in the petition was there an express allegation of the injury suffered because of the fraud. Such an allegation is one of the requisites in stating the cause of action. Rovin contends the above statement,—"Plaintiff states they have sustained actual damages by reason of said false representations in the sum of $7,500.00", cannot be considered as a part of the statement of the cause of action because it is found in the prayer of the petition and "the prayer is no part of the petition." This court has on several occasions loosely stated the prayer is no part of the petition. This is incorrect. Section 916, R. S. 1939, requires that a petition shall contain a demand of the relief to which the plaintiff may suppose himself entitled. The principle intended to be described by such loose reference found in the cases is more accurately expressed by saying the relief prayed for is no part of plaintiff's cause of action. This is so because the court must render the proper judgment on the facts alleged and is not restricted to the form of relief demanded. This is a departure from the common law where the form of the prayer for relief was considered important. Even though in the instant case the statement of the damage or injury is found in the concluding paragraph of the petition which customarily contains the prayer, it is an allegation of injury. We hold it may properly be considered as an element in the statement of the cause of action. The cases cited by Rovin are distinguishable on the facts. Furthermore, in view of the more liberal view now entertained in determining the sufficiency of pleadings, a demand for damages should serve as the equivalent of a statement of the injury which has been sustained. This was held in a similar case by the Supreme Court of California in applying a statute providing that a defect or error in pleading which does not affect the substantial rights of the parties must be disregarded. Riser v. Walton, 78 Cal. 490, 21 P. 362.

■ The court gave at Menke's request an instruction defining false representation. The instruction did not direct a verdict. It is settled the court may define for the benefit of the jury terms having

a technical or unusual meaning. State ex rel. Berberich v. Haid, 333 Mo. 1224, 64 S. W. (2d) 667. Such definitions are not condemned by the rule that a mere statement of an abstract legal principle, which is not connected to a statement of the essential facts necessary for the application of the principle, does not make a proper jury instruction, as announced in Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S. W. (2d) 54; Gillioz v. State Highway Comm., 348 Mo. 211, 153 S. W. (2d) 18, and Schipper v. Brashear Truck Co. (Mo.), 132 S. W. (2d) 993, 125 A. L. R. 674.

Rovin criticizes in a number of respects Menke's main instruction covering the whole case. He says the instruction is broader than the pleadings and the evidence. If this be true the instruction would be erroneous. He charges the petition does not state that Menke "believed" his representations while the instruction requires the jury to find "that plaintiffs *believed* said representations were true and relied thereon." The petition did not use the word believe but states: "These plaintiffs . . . relying on said representations as being true . . . entered into the contract above specified . . ." This is sufficient to support the instruction. Webster (New International Dictionary) defines rely as "to have confidence" and believe as "to place confidence in." We also find the evidence likewise supports the instruction. This criticism of the instruction is without merit.

Rovin next says the instruction assumes the representations were made by him instead of requiring the jury to find this was so. The instruction furnishes the answer. It states: ". . . and if you further find and believe from the evidence that the real estate was not renting for a monthly rental as represented by defendant and that the leases were not bona fide leases as represented by said defendant and that said representations were made by defendant (if you find they were so made) . . . " This is a clear requirement for the jury to find the representations were made by Rovin and is not an assumption of that fact. Furthermore the instruction in the first sentence requires the jury to "find and believe from the evidence" the facts thereafter hypothesized as a basis for returning a verdict. This should ordinarily be sufficient where the facts to be found are set out properly. The practice of sprinkling quantities of "if so," "if any" or "if you so find" after every hypothesis in an instruction tends to make it confusing and unintelligible and should more likely be grounds for error than an instruction which merely requires the jury in its beginning "to find and believe from the evidence" the facts thereafter stated. In Paisley v. Kansas City Public Service Co., 351 Mo. 468, 173 S. W. (2d) 33 at 39, the practice of interjecting these cautionary terms unnecessarily was censured.

Rovin finally complains of the instruction that, although attempting to cover the whole case, it omitted an issue and is erroneous

for that reason. The issue claimed to be omitted is Rovin's defense that the property was worth what Menke paid for it regardless of the false representations about the rental. He relies on Bixler v. Wagster (Mo. App.), 256 S. W. 520, which is not pertinent because in this case such defense was neither pleaded nor properly proved. Furthermore, the instruction relates all the facts upon which Menke bases his right to recover and requires the jury to find he was damaged. If the jury would find these facts and the damage, as it did, the defense claimed cannot exist, so reference to it was unnecessary. See Chenoweth v. Sutherland, 129 Mo. App. 431, 107 S. W. 6.

The measure of damages was submitted as "the difference between the actual value of the real estate purchased by the plaintiffs and what its value would have been had the false representations made by the defendant, if any, been true." That this is a correct statement of the measure of damages has been well settled in this state in a situation where, as here, the purchaser retains the property. Singman v. Kostrean Realty Co. (Mo. App.), 107 S. W. (2d) 196 and cases therein cited.

However, Rovin attacks this instruction because it assumes there was a difference between the actual value and the represented value. This is without merit. He also attacks the instruction because it does not set out the date at which the represented value should be determined. The evidence was abundant such value was correctly ascertained as of the sale date. The omission of such date from the instruction does not constitute error. Reynolds v. Davis, 303 Mo. 418, 260 S. W. 994.

On cross-examination Rovin was questioned about other property which he owned. In assessing punitive damages the financial condition of a defendant is a proper element for consideration. Rovin testified that a piece of property held in the name of a straw party belonged to his mother. He also used the same straw party for holding his own property. The court permitted Menke's counsel to inquire as ▇▇▇ to the value of this piece of property on the statement of counsel that he understood the property actually belonged to Rovin. Rovin says that his mother's financial worth has nothing to do with this case, which is true, and the admission of such testimony was prejudicial. However, the extent of cross-examination is largely within the discretion of the trial court and under the circumstances surrounding this testimony we do not believe the testimony was prejudicial or the court abused its discretion.

As to the amount of actual damages awarded we find it supported by the evidence. The amount of punitive damages lies wholly within the discretion of the jury if it sees fit to award them. Unless it plainly appears there has been an abuse of that discretion, a court is not justified in interfering with an assessment of punitive damages. Seested v. Post Printing and Pub. Co., 326 Mo. 559, 31 S. W. (2d)

836

1045. The assessment of punitive damages at $10,000 does not manifest an abuse of discretion.

Rovin advances other arguments which are not sustained by the record. He had a fair trial before a jury. The evidence followed the pleadings and supported the instructions and verdict. The judgment should not be disturbed.

Accordingly, the judgment is affirmed. All concur.