CARROLL, Judge.
By a second amended complaint, the appellants, purchasers of hotel premises at Miami Beach, sued the defendant, a real estate brokerage company, for damages. The basis on which recovery was sought was a charge that the defendant brokers had presented the property for sale to the plaintiffs while Cuban citizens, in Cuba, with a description brochure which did not show the defective condition thereof, as a result of which when they bought the property, sight unseen and without inspecting or having caused it to be inspected, they suffered substantial loss for needed repairs and restoration. No affirmative misrepresentation by the broker was alleged. The trial judge dismissed the second amended complaint with prejudice, reciting as his grounds the following:
“This cause came on to be heard upon the defendant’s Motion to Dismiss the Second Amended Complaint. The Court heard argument of counsel for the respective parties and is of the opinion that plaintiffs’ Second Amended Complaint fails to state a cause of action in that (a) the Second Amended Complaint does not set forth therein either a duty flowing from the defendant (broker) to the plaintiffs (purchasers), nor a breach thereof, there being no duty on the part of the broker to inspect the property in behalf of the purchasers (b) the Sec *555 ond Amended Complaint does not sufficiently state a cause of action in tort for deceit, see Potakar v. Hurtak (S.Ct.Fla., Sept. 23, 1955) 82 So.2d 502; Kaminsky v. Wye (2d Dist., Fla. July 26, 1961) 132 So.2d 44; and’(c) the Second Amended Complaint shows that the plaintiffs failed to use due diligence for their own protection, see Williams v. McFadden (S.Ct.Fla., Feb. 28, 1887) [23 Fla. 143], 1 So. 618; Glass et al v. Craig, et al (S.Ct.Fla., March 22, 1922) [83 Fla. 408], 91 So. 332; Mandrachia v. Ravenswood Marine, Inc., (2d Dist., Fla. [App.], March 30, 1960) 118 So.2d 817; nor do the plaintiffs allege any deception, artifice or misconduct on the part of the defendant.”
We have considered the complaint in the light of the briefs and argument, and are in agreement with the views and reasons expressed by the able trial judge as to its insufficiency.
Affirmed.