PER CURIAM.
Plaintiff purchaser appeals a final summary judgment entered in favor of Jane C. Cousins, Inc., one of the defendants in an action for cancellation of a deed and damages for negligent misrepresentation arising out of the sale of a single family residence.
In 1967, defendant Elizabeth Mitchell (not a party to this appeal) pdrchased the subject residence and renovated a substantial portion by adding approximately 2300 sq. feet to the original 1200 sq. feet and a swimming pool. In 1974, when Ms. Mitchell was a real estate salesperson working out of the office of the defendant-appellee, Jane C. Cousins, Inc., she listed her residence for sale with the Coral Gables Board of Realty Multiple Listing Service, of which Cousins was a member. To have a property listed with this service, a seller had to apply through a broker member and Ms. Mitchell listed through Cousins. It was Cousins’ policy not to participate in commissions on property owned by salespersons connected with that office. Ms. Mitchell paid the listing fee and prepared for the use of realtors subscribing to the service, a sales brochure which described her residence as being built in 1973. At the bottom of the brochure was the following in bold print:
“THIS OFFERING SUBJECT TO OMISSIONS, ERRORS AND PRIOR SALE WITHOUT NOTICE.”
Subsequently, the listing expired and all the subscribing realtors were so informed. Some eight months later, plaintiff-appellants, William and Eleanor Smyth, came in contact with Helen Gaylor of Coral Gables Realty. Ms. Gaylor made several inspections of the Mitchell residence with the Smyths who were given a copy of the expired sales brochure. The Smyths purchased the residence and after taking possession they made extensive repairs and discovered that the residence was originally built in 1950. The Smyths then filed the present action against Ms. Mitchell and Cousins. Following pretrial discovery, Cousins moved for summary judgment. After hearing argument of counsel, the trial court entered summary judgment as to Cousins. The Smyths appeal. We affirm.
In order to sustain an action for negligent misrepresentation there must be some affirmative action on the part of the defendant broker in advertising the sale of the property. See Nantell v. Lim-Wick Construction Company, 228 So.2d 634 (Fla.4th DCA 1969) and Cf. Diaz v. Keyes Company, 143 So.2d 554 (Fla.3d DCA 1962). There is no showing in the record that Cousins participated in any part of the sale, received a commission or made any representations to the Smyths in connection therewith. Further, the brochure was prepared for the 'use of the relators belonging to the multiple listing service and the listing had expired. Under the circumstances, we find that the Smyths are precluded from relying upon the brochure. See Ruwitch v. First National Bank of Miami, 291 So.2d 650 (Fla.3d DCA 1974); Walker v. Mebane, 279 So.2d 386 (Fla.4th DCA 1973).
Affirmed.