611 F.2d 105
 Fed. Sec. L. Rep. P 97,271
Nelson C. CAMERON, Jr. and Helen S. Cameron,
Plaintiffs-Appellees-Cross Appellants,
v.
OUTDOOR RESORTS OF AMERICA, INC., etc., et al.,
Defendants-Appellants-Cross Appellees,
Associates Capital Corp., etc., et al., Defendants-Appellees.
Joseph E. KARL and Dorothy A. Karl,
Plaintiffs-Appellees-Cross Appellants,
v.
OUTDOOR RESORTS OF AMERICA, INC., etc., et al.,
Defendants-Appellants-Cross Appellees,
Associates Capital Corp., etc., et al., Defendants-Appellees.
 No. 77-2312.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 4, 1980.
 
 Ted R. Brown, Orlando, Fla., for defendants-appellants-cross appellees.
 A. Clifton Black, Trapp & Black Attys., J. Thomas Cardwell, Orlando, Fla., for plaintiffs-appellees-cross appellants.
 
 
 1
 Harlan Tuck, Orlando, Fla., for Associates Capital Corp.
 
 
 2
 Appeals from the United States District Court for the Middle District of Florida.
 
 On Petition for Rehearing
 
 3
 (Opinion December 13, 1979, 5 Cir., 1979, 608 F.2d 187)
 
 
 4
 Before BROWN, CHARLES CLARK and VANCE, Circuit Judges.
 
 PER CURIAM:
 
 5
 We grant the petition for rehearing and, upon consideration of the points raised, we modify our earlier opinion in one respect.
 
 
 6
 We included in the controlling person section of the federal securities law part of our earlier opinion a paragraph discussing the liability of E. Randall Henderson, Jr. The section was unnecessary in the posture of the case at that time. As president of Outdoor Resorts of America, Henderson could, of course, be held liable as a controlling person under Rule 10b-5 only if the corporation were found to act with scienter, and the district court did not make that essential determination. We affirmed the decision of the district court on the basis of common law fraud, so that no remand was required on scienter. Our discussion of Henderson's 10b-5 liability, however, is relevant on remand, for reasons stated below.
 
 
 7
 We adhere to our earlier opinion regarding common law fraud except as to Henderson. The petition for rehearing asserts that a negligence standard is incorrect. We adhere to our earlier opinion that the knowledge element of common law fraud under Florida law is satisfied by a negligent representation " 'made under circumstances in which the representor ought to have known . . . of the falsity thereof.' " Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 177 (5th Cir. 1968), Quoting Kutner v. Kalish, 173 So.2d 763, 765 (Fla.Dist.Ct.App.1965). Accord, Emerson Electric Co. v. Farmer, 427 F.2d 1082, 1087-88 (5th Cir. 1970); Ostreyko v. B. C. Morton Organization, Inc., 310 So.2d 316, 318 (Fla.Dist.Ct.App.1975). See also Upchurch v. Mizell, 50 Fla. 456, 40 So. 29, 34 (1905). George Gaines, George Blackburn, Bill Kirk, and Earl Carver are liable for common law fraud, therefore, on the basis of their negligent misrepresentations to appellees Karl and Cameron. Outdoor Resorts is liable for those misrepresentations because they were made within the scope of its agents' authority. Wheeler v. Baars, 33 Fla. 696, 15 So. 584, 589 (1894); Donner v. Morse Auto Rentals, Inc., 147 So.2d 577, 579 (Fla.Dist.Ct.App.1962). The judgment in appellees' favor, as it concerns those appellants, is amply supported by the district court's findings and amended conclusions as to common law fraud, which we conclude are not clearly erroneous. Judgment against Henderson, however, cannot stand without further findings.
 
 
 8
 Henderson could only have been found liable for common law fraud on the basis of his actual misrepresentations or his actual participation in his colleagues' misrepresentations, and not as a controlling person. Smyth v. Jane C. Cousins, Inc., 358 So.2d 1158, 1159 (Fla.Dist.Ct.App.1978); Goodman v. Strassburg, 139 So.2d 163, 164 (Fla.Dist.Ct.App.1962). The findings of fact are somewhat indefinite, but the findings and amended conclusions of law of the district court must be construed to hold for Henderson on the common law fraud point. Our affirmance of the district court's judgment against Henderson under the common law fraud count was incorrect. We therefore remand this action to the district court for findings concerning whether Outdoor Resorts made its misrepresentations with scienter that would make Henderson liable as a controlling person under Rule 10b-5.
 
 
 9
 The judgment in appellees' favor and against Gaines, Blackburn, Kirk, Carver, and Outdoor Resorts is affirmed. As to Henderson the judgment is vacated and the case remanded for further findings and proceedings as required by this opinion.
 
 
 10
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.