Robert MAPLES and Shirley Maples, Plaintiffs-Appellants,

v.

Richard PORATH and Mary Porath, et al., Defendants-Respondents.

No. 12155.

Missouri Court of Appeals, Southern District, Division One.

Aug. 18, 1982.

Glenn R. Gulick, Jr., Hershewe & Gulick, Joplin, for plaintiffs-appellants.

James E. Brown, Joplin, for defendants-respondents.

FLANIGAN, Judge.

On July 10, 1978, plaintiffs Robert Maples and Shirley Maples, as buyers, and defendants Richard Porath and Mary Porath, as sellers, entered into a contract for the sale of a residence located at 2407 Montana

Place, Joplin, Missouri. Acting as agent for the sellers was defendant Charles Burt Realtors, Inc., ("Burt"). After the contract was performed and plaintiffs had taken possession, they discovered "termite infestation and termite damage." Plaintiffs filed an action in fraud against six defendants including the sellers and the realtor.

The original petition was filed in January, 1979. After discovery had been conducted plaintiffs filed a first amended petition in May 1979. Count I and Count II of that petition were directed against the sellers and the realtor. The order of the trial court held that neither Count I nor Count II stated a claim upon which relief can be granted against the sellers or the realtor, sustained their respective motions to dismiss and designated its order as a final judgment for purposes of appeal. Plaintiffs appeal.

Plaintiffs contend that the trial court erred in sustaining the motion to dismiss filed by realtor Burt for the reason that the first amended petition did state a claim for relief against that defendant. Count I of the petition sought $30,000 in actual damages and Count II, which incorporated the allegations of count I, sought $150,000 in punitive damages.

The initial inquiry is whether Count I states a claim against the realtor.

"Where a petition is attacked by a motion to dismiss for failure to state a claim, the mere conclusions of the pleader are not admitted. But the facts alleged are taken to be true and the pleader is entitled to all favorable inferences fairly deducible therefrom. If such facts and such inferences, viewed most favorably from plaintiff's standpoint, show any ground for relief, the petition should not be dismissed. If the allegations of the petition invoke principles of substantive law which may entitle the plaintiff to relief, the petition is not to be dismissed. A petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief. The ruling on a motion to dismiss is ordinarily confined to the face of the petition which is construed in a light favorable to plaintiff." *American Drilling v. City of Springfield,* 614 S.W.2d 266, 271[2–4] (Mo.App.1981). (Citing authorities).

■ Under Missouri procedure a party may set forth two or more statements of a claim alternately, either in one count or in separate counts. When two statements are made in the alternative and one of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of the alternative statement. A party may also state separate claims "regardless of consistency." Rule 55.10.[1]

"[T]he elements of actionable fraud consist of: (1) A representation. (2) Its falsity. (3) Its materiality. (4) The speaker's knowledge of its falsity or ignorance of its truth. (5) His intent that it should be acted on by the person and in the manner reasonably contemplated. (6) The hearer's ignorance of its falsity. (7) His reliance on its truth. (8) His right to rely thereon. (9) And his consequent and proximate injury." *Swyden v. James H. Stanton Construction Co.,* 336 S.W.2d 389, 392 (Mo.1960).

Count I of the petition contains 29 paragraphs. It is prolix, vague, redundant, inconsistent and generally not a model of careful pleading. It is at least arguable that it does not meet the requirements of Rule 55.15 which provides that circumstances constituting fraud shall be stated with particularity. The issue here, however, is not whether the petition was subject to a motion for a more definite statement but whether it is fatally defective.

Against realtor Burt, the allegations of Count I included the following:

1. In 1978 Burt was acting as agent for the sellers in the sale of the residence. In June 1978 a prospective buyer named Tigner contacted Burt and the sellers with

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978.

respect to purchasing the residence and a sale contract was entered into between the sellers and Tigner. One of the requirements of that contract was that a certificate of termite inspection "be issued." Pursuant to that contract Plimmers Pest Protection Company inspected the residence and found termite infestation and termite damage and the Tigner deal was not consummated.

2. Later in June 1978 Burt advertised the residence for sale and plaintiffs negotiated with Burt and the sellers. On July 10 plaintiffs and sellers entered into a sale contract which contained a provision that the sellers "furnish a written statement from a recognized exterminator that there was no evidence of termite or other wood-destroying insect infestation in the residence." Pursuant to that provision the sellers hired ABC Pest Control to conduct a termite inspection which was made on August 25, 1978.

3. The ABC inspection "revealed that there was no evidence of termites found in the structure." *Sellers* furnished the ABC report to plaintiffs. The ABC report was false.

4. Burt knew "of termite infestation of the premises" on July 19, 1978, "more than 9 days after the signing of the real estate contract and approximately 30 days before the ABC inspection."

5. Burt had knowledge of the Plimmers report. Burt did not disclose and refused to disclose that knowledge and *remained silent* with the intent to induce plaintiffs to buy the property. Burt's actions and representations were fraudulent because Burt knew of both the Plimmers report and the ABC report and did not know which of the two reports was true. Burt failed to ascertain which report was true and allowed the plaintiffs to rely on the ABC report when in fact that report was false.

6. Burt knowingly and willfully made false and fraudulent representations as to the condition of the property with the intent to induce plaintiffs to purchase the residence.

7. Burt's misrepresentations were material and caused plaintiffs to enter into the sale contract.

8. Relying upon Burt's "representations" plaintiffs entered into "a closing" with the sellers, the contract was consummated and the plaintiffs took title and possession. Shortly thereafter plaintiffs discovered termite infestation and termite damage, necessitating repairs and expenditures.

Seeking to uphold the order of the trial court, realtor Burt argues that the petition is defective with respect to him for the reason that Count I merely alleges that the realtor was silent and failed to disclose to plaintiffs the condition of the residence with respect to termite infestation. The realtor argues that mere failure, on part of the sellers' realtor, to disclose a material defect of the premises to a buyer does not constitute actionable fraud.

It is true that Count I alleges that Burt had superior knowledge of the Plimmers report and failed to disclose its contents to plaintiffs, and that Burt remained silent with the intent to induce plaintiffs to buy the property. However, other portions of Count I alleged that Burt knowingly and willfully made false and fraudulent representations to plaintiffs with respect to the termite condition and did so with the requisite intent.

The petition must be accorded a liberal construction, *Mathews v. Pratt,* 367 S.W.2d 632, 634[1] (Mo.1963), and, so viewed, the allegations of Count I, with regard to *mispresentation* on the part of the realtor, are sufficient to withstand a motion to dismiss.

Even if Count I is viewed as alleging merely non-disclosure on the part of the realtor, the issue is by no means as simple as the realtor claims it to be. There is substantial and impressive out-state authority for the proposition that a realtor, acting as agent for the seller, may be answerable in fraud to the buyer for non-disclosure of a material defect in the premises. *Cooper v. Jevne,* 56 Cal.App.3d 860, 128 Cal.Rptr. 724

(1976) (substandard construction); *Saporta v. Barbagelata,* 220 Cal.App.2d 463, 33 Cal. Rptr. 661 (1963) (termites); *Lingsch v. Savage,* 213 Cal.App.2d 729, 29 Cal.Rptr. 201 (1963); *Neveroski v. Blair,* 141 N.J.Super. 365, 358 A.2d 473 (1976) (termites); *Weintraub v. Krobatsch,* 64 N.J. 445, 317 A.2d 68 (1974) (roaches); *Miles v. McSwegin,* 58 Ohio St.2d 97, 388 N.E.2d 1367 (1979) (termites); *Crum v. McCoy,* 41 Ohio Misc. 34, 322 N.E.2d 161 (1974) (defective sewer); see also *Ollerman v. O'Rourke Co., Inc.,* 94 Wis.2d 17, 288 N.W.2d 95, 104 (1980); 8 A.L.R.3d 550 (Liability of vendor's real estate broker or agent to purchaser for misrepresentations as to, or non-disclosure of, physical defects of property sold). Other jurisdictions have held that a broker is not answerable in fraud to the buyer for mere non-disclosure of a material defect in the premises. *Diaz v. Keyes Co.,* 143 So.2d 554 (Fla.App.1962). See also *Cashion v. Ahmadi,* 345 So.2d 268 (Ala.1977); *Russow v. Bobola,* 2 Ill.App.3d 837, 277 N.E.2d 769 (Ill. App.1972).[2] This court holds that the allegations of Count I are sufficient to state a claim upon which relief may be granted against defendant Burt and that the trial court erred in dismissing the action with respect to that defendant.

The trial court also erred in dismissing the action with respect to the sellers-defendants Porath. Some of the allegations of Count I against the sellers have been set forth earlier in this opinion. Those allegations include the Tigner transactions with the sellers, the inspection of the premises by Plimmers Pest Protection Company, the contents of the Plimmers report, the contract between the plaintiffs and defendants Porath, the termite inspection by ABC Pest Control, the contents of the ABC report, the furnishing by the sellers of the ABC report to the buyers and the falsity of the ABC report.

Count I also alleged that the sellers' actions were fraudulent in that the sellers had superior knowledge of the Plimmers report and failed and refused to disclose the Plimmers report to the buyers, with the intent to induce plaintiffs to buy the residence; that the sellers knew of the Plimmers report and of the ABC report and did not know which was true but allowed the plaintiffs to rely upon the ABC report which was in fact false; that the representations were

---

**2.** In view of the content of the pleading under scrutiny it is unnecessary to decide whether Missouri recognizes the principle that a realtor, acting as agent for the seller, may be answerable in fraud to the buyer for non-disclosure of a material defect in the premises. However, certain observations are in order.

In *Jones v. Arnold,* 359 Mo. 161, 221 S.W.2d 187, 193 (1949) the court said: "While silence or concealment becomes fraudulent only where there is a duty to speak and disclose, a legal duty to disclose may exist where there is no existing fiduciary relationship between the parties and where no special confidence is expressly reposed. The duty to disclose may arise from the circumstances of the case, including inequality of condition and the superior knowledge of one party, which knowledge is not within the fair and reasonable reach of the other party." See also *Fairmont Foods Co. v. Skelly Oil Co.,* 616 S.W.2d 548, 550[2] (Mo. App.1981) and authorities there cited.

See also § 339.100, which sets forth grounds for the suspension or revocation of a realtor's license by the Missouri Real Estate Commission. One of the grounds is set forth in § 339.100, par. 2(2) which reads: "Making substantial misrepresentations or false promises or suppression, concealment or omission of mate-

rial facts in the conduct of his business or pursuing a flagrant and continued course of misrepresentation through agents, salespersons, advertising or otherwise in any transaction."

On November 14, 1978, the Missouri Real Estate Commission filed a regulation, 4 CSR 250 8.100, effective February 11, 1979, dealing with a real estate licensee's "relationship with parties." That regulation reads, in part: "(6) A licensee shall disclose to a prospective buyer or lessee all material facts of which he has knowledge or which are readily available to him regarding the condition of any property which he is offering for sale or lease." The transactions in the case at bar took place in 1978.

Foreign authorities are in conflict on the issue of whether statutes or regulations concerning the licensing of realtors may serve as a basis for a standard of care required by the courts with respect to the duty owed by the seller's realtor to the buyer. See *Hagar v. Mobley,* 638 P.2d 127 (Wyo.1981), and *Dugan v. Jones,* 615 P.2d 1239 (Utah 1980) holding in the affirmative. See also *Lock v. Schreppler,* 426 A.2d 856 (Del.Super.1981) holding otherwise. See also *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975).

material and that plaintiffs did not know of their falsity; that the plaintiffs relied upon the representations of the sellers with respect to the condition of the premises and were damaged thereby.

 The sellers have not filed a brief in this court and thus have failed to point out any specific deficiency in Count I in stating a claim against them. Count I contains sufficient factual allegations to satisfy the previously enumerated elements of a cause of action for fraud. See *DeBow v. Higgins,* 425 S.W.2d 135 (Mo.1968); *Smith v. Tracy,* 372 S.W.2d 925 (Mo.1963); *Louis Steinbaum Real Estate Co. v. Maltz,* 247 S.W.2d 652 (Mo.1952); *Menke v. Rovin,* 352 Mo. 826, 180 S.W.2d 24 (1944); *Dettler v. Santa Cruz,* 403 S.W.2d 651 (Mo.App.1966); 22 A.L.R.3d 972 (Duty of vendor of real estate to give purchaser information as to termite infestation); 174 A.L.R. 1010 (Fraud predicated upon vendor's misrepresentation of physical condition of real property).

The judgment is reversed and the cause remanded.

GREENE, P. J., and TITUS, J., concur.