**Michael M. GARWOOD, Appellant,**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY; International Paper Company; National Loss Control Service Corporation; and A.B. Witte, Appellees.**

No. 84–2239.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1985.

Decided Oct. 10, 1985.

Robert G. Pahlke, Scottsbluff, Neb., for appellant.

Harold W. Kay, North Platte, Neb., for appellees.

Before BRIGHT, Senior Circuit Judge, ROSS, Circuit Judge, and HENLEY, Senior Circuit Judge.

ROSS, Circuit Judge.

Michael Garwood appeals an order of the district court dismissing his claim of misrepresentation against International Paper Company (International Paper) and its insurer, American Motorists Insurance Company (American). We affirm.

## FACTS

On October 9, 1973, Garwood was rendered a quadriplegic as a result of diving into and hitting the bottom of a pond located in an area known as Camp Blue Springs near Panama City, Florida. The land where Camp Blue Springs is located is owned by International Paper and, for approximately 15 years, was leased to the Millville Dad's Club of Millville, Florida (Dad's Club). The land was later leased to the Gulf Council, Boy Scouts of America (Council).

On July 30, 1976, Garwood filed a complaint for damages in the United States District Court for the District of Florida (hereinafter the Florida lawsuit) against International Paper and the Council. On July 6, 1977, International Paper and the Council answered Garwood's complaint admitting that the Council was lessee at the time of Garwood's injuries.

On August 18, 1978, after the four-year statute of limitations had run, Garwood's attorney deposed Leva Woodward Pitts a part-time caretaker at Camp Blue Springs hired by the Dad's Club. Pitts revealed that the Dad's Club, not the Council, was in

possession of Camp Blue Springs at the time of Garwood's accident. Pitts stated that the lease executed between International Paper and the Dad's Club was scheduled to end October 31, 1973, but that on September 28, 1973, a written lease was prepared to lease Camp Blue Springs to the Council. The lease was not, however, signed by the Council until October 16, 1973, eleven days following Garwood's accident. At the time of Garwood's accident, therefore, Dad's Club was the lessee in possession. Because the four-year statute of limitations had run, Garwood could not amend his complaint to add the Dad's Club as a defendant.

The Council thereafter moved to amend its answer to deny that it was the lessee of Camp Blue Springs at the time of Garwood's accident. Garwood did not object to this motion and the motion was granted. Subsequently, upon motion for summary judgment, and without any objection from Garwood, the Council was removed as a defendant from the Florida lawsuit. At trial of the Florida lawsuit, this time over Garwood's objection, International Paper introduced its lease with the Dad's Club. A jury returned a verdict in favor of International Paper and the Fifth Circuit affirmed. *Garwood v. International Paper Co.*, 666 F.2d 217 (5th Cir.1982). In support of its decision, the Fifth Circuit stated that Garwood made no showing of bad faith or deliberate misrepresentation either in the district court or on appeal, and that Garwood failed to object to the Council's motion to amend its answer or to the Council's motion for summary judgment.

Thereafter Garwood initiated this lawsuit against International Paper and American alleging misrepresentation. Garwood asserted the alternative arguments that International Paper misrepresented either (1) that the Council was the lessee, or (2) that the Dad's Club was the lessee. Specifically, Garwood argued that International Paper's early representation that the Council was its lessee was false and precluded it from asserting a claim against the Dad's Club. Alternatively, Garwood argued that International Paper's assertion that the

Dad's Club was its lessee at the time of his accident was false because the Dad's Club relinquished its lease prior to the date of the accident.

By agreement of the parties, the issue of misrepresentation was submitted for resolution to the district court sitting without a jury. The district court held that there was no actionable misrepresentation because International Paper acted in good faith in filing its answer naming the Council as its lessee and there was no legal relinquishment of the Dad's Club lease prior to Garwood's accident.

## DISCUSSION

In *Banco Nacional de la Vivienda v. Cooper*, 680 F.2d 727 (11th Cir.1982), the Eleventh Circuit set forth the elements of misrepresentation in Florida:

Under Florida law the plaintiff in a fraud action must prove (1) that the defendant falsely represented a specific material fact; (2) that the defendant knew, or should have known, that the representation was false, or that defendant made the representation without knowledge of its truth or falsity; (3) that the defendant intended to induce the plaintiff to act on the representation; and (4) that the plaintiff was injured while acting in reliance on the representation.

*Id.* at 730.

In the instant case, the district court found that "[a]lthough there may be valid argument as to elements (1), (3) and (4), this issue can be decided by consideration of the evidence adduced with regard to element (2) only." *Garwood v. American Motorists Insurance Co.*, 620 F.Supp. 93, 96 (D.Neb. 1984). The district court correctly noted, as to the scienter requirement of element (2), that "Florida law is satisfied by a negligent representation 'made under circumstances in which the representor ought to have known *** of the falsity thereof.'" *Id.*, at 96 (*quoting Cameron v. Outdoor Resorts of America, Inc.*, 611 F.2d 105, 106 (5th Cir.1980)). The district court ruled,

however, that "the evidence belies a known misrepresentation", that "[n]o representation was made without an inquiry as to its accuracy", and that International Paper "had no particular reason or duty, prior to 1978, to extend its search for a lessee to someone other than the Boy Scout Council." *Id* at 96. We agree.

■ The evidence shows that International Paper reviewed its records in good faith to determine the lessee in possession at the time of Garwood's accident. The evidence also shows that it first became aware that the Dad's Club, and not the Council, was its lessee at the time of Pitts' deposition. Under Florida law, where a misrepresentation is alleged, "good faith * * * is necessarily involved." *Adams v. Royal Exchange Assurance,* 62 So.2d 591 (Fla.1953) (*en banc*). Because the district court's finding that International Paper acted in good faith is not clearly erroneous, it will not be disturbed on appeal. FED.R. CIV.P. 52(a); *Anderson v. City of Bessemer City,* —— U.S. ——, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985); *Airfleet Leasing Corp. v. Arkansas Aviation Sales, Inc.,* 368 F.2d 526, 527 (8th Cir.1966).

Garwood argues in the alternative that International Paper's assertion that the Dad's Club was its lessee on the date of his accident was false because the Dad's Club sent the following letter which Garwood alleges relinquished the lease:

May 29, 1973

Dear Mr. Snell,

In the regular meeting of the Millville Dad's Club on May 15, 1973 the Club voted to relinquish the leas[e] on Camp Blue Springs. We would recommend the Boy Scouts of America be granted the lease. The Club feels it would be of more benifit [sic] to the Scouts for the lease to be in their name rather than work thru the Dad's Club.

We have enjoyed having the lease for many years and working with the Boy Scouts. We would like to thank International Paper Company for allowing us that privilege.

Sincerely,
C.W. Mauldin
President

■ The district court found that the Dad's Club lease allowed International Paper to terminate the lease with six months written notice and that the Dad's Club was not accorded any specific right of cancellation. The district court further found that even if the Dad's Club had an implied right to terminate the lease and the Dad's Club letter served as a notice of termination, the termination date would extend beyond the date of the accident and the Dad's Club would be the lessee in possession at the time of the accident. Finally, the district court found that if no reciprocal right were implied, a termination of the lease would have required a mutual agreement of the parties. No such agreement existed here. *Brewer v. Northgate of Orlando, Inc.,* 143 So.2d 358 (Fla.Dist.Ct.App.1962); *Cox v. Grose,* 97 Fla. 848, 122 So. 513 (1929). We find the district court's reasoning sound and persuasive on this issue. Accordingly, we affirm its judgment.