No. 95-3312

_____

Black Hills Institute of          *
Geological Research, Inc., a       *
South Dakota corporation,          *
                                   *
        Appellant,                 *
                                   *  Appeal from the United States
    v.                             *  District Court for the District
                                   *  of South Dakota.
Maurice Williams,                  *
                                   *
        Appellee.                  *

_____

        Submitted:     May 15, 1996

          Filed:    July 5, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and VAN
    SICKLE,[*] District Judge.

_____

MAGILL, Circuit Judge.

    The Black Hills Institute of Geological Research, Inc. (the
Institute) appeals the district court's[1] holding that it was not entitled
to a $209,000 lien against a tyrannosaurus rex fossil for work performed
in excavating and preparing the fossil.  We affirm.

_____

    [*]THE HONORABLE BRUCE M. VAN SICKLE, United States
    District Judge for the District of North Dakota,
    sitting by designation.

    [1]The Honorable Richard H. Battey, Chief Judge, United States
District Court for the District of South Dakota.

The facts surrounding the discovery, excavation, and preparation of the fossil are discussed at length in Black Hills Inst. of Geological Research v. South Dakota Sch. of Mines & Tech., 12 F.3d 737 (8th Cir. 1993) (Black Hills III), cert. denied, 115 S. Ct. 61 (1994). We will discuss herein only those facts necessary for this appeal.

In August 1990, employees of the Institute discovered a tyrannosaurus rex fossil on Maurice Williams's land. The Institute excavated the fossil and gave $5000 to Williams, allegedly in exchange for title to the fossil. Over the course of the next few years, the Institute spent approximately $209,000 in excavating and preparing the fossil.

Williams's land, however, is located within the Cheyenne River Sioux Indian Reservation of South Dakota, which is held in trust for Williams by the United States. On December 15, 1993, this Court concluded that the fossil was held in trust by the United States for Williams and, as such, it was not alienable by Williams absent approval by the Department of the Interior (DOI). See id. at 742-44 (applying 25 U.S.C. §§ 464 and 483). Because the fossil was removed from the land without the knowledge or consent of the United States, the attempted sale was void and the Institute had no legal right, title, or interest in the fossil as severed from the land.

On February 8, 1994, the Institute filed a lien statement under South Dakota law, asserting a $209,000 lien against the fossil. The Institute then filed a complaint in South Dakota state court seeking either a statutory or common law lien on the fossil for the work performed in excavating and preparing it.

The case was removed to the federal district court for the District of South Dakota. The district court granted summary

judgment in favor of the defendants.  The court noted that the Institute did not meet the requirements for a statutory lien, and the court refused to impose an equitable lien on the grounds that the Institute acted with willful blindness to statutes which clearly precluded the Institute from gaining rights to the fossil absent government permission.  The Institute now appeals.

## II.

The law of this case is that the fossil, even after severance from the land, is held in trust by the United States for Williams and is not alienable by Williams absent DOI approval.  See id.  The Institute conceded this at oral argument, but nevertheless contends that because it spent a considerable amount of money in excavating the fossil while under a mistaken belief that the fossil was alienable, it is entitled to an equitable or statutory lien.  We disagree.

## A.

An equitable lien "is implied and declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings."  In re Doyen, 56 B.R. 632, 633 (Bankr. D.S.D. 1986) (citing Farmers & Merchants Bank v. Commissioner of Internal Revenue, 175 F.2d 846, 849 (8th Cir. 1949)); see also Dorman v. Crooks State Bank, 225 N.W. 661, 664 (S.D. 1929) (describing equitable lien).  While equity will impose a lien in favor of a bona fide purchaser who improves the purchased item in the mistaken belief that he is the true owner, equity will not impose a lien in favor of one who makes improvements knowing that title is in another.  See 41 Am. Jur. 2d, Improvements § 11 (1995).

In the present case, the district court concluded that the Institute did not act in good faith in excavating the fossil,

noting that

> [The Institute] was willfully blind to the existing statutes
> and regulations governing Indian trust land. Had [the
> institute] spent the time necessary to research the law, the
> only inescapable conclusion would have been that [the
> Institute] had no right to the fossil without the government's
> permission.

Mem. Op. at 8 (D.S.D. Aug. 11, 1995). Because the conclusion that the Institute acted in bad faith is a factual determination, we review only for clear error. See Garwood v. American Motorists Ins. Co., 775 F.2d 228, 231 (8th Cir. 1985).

This Court has already noted that the Institute could have taken any number of steps to protect itself and that the fact "that the fossil was embedded in land located within the boundaries of the Cheyenne River Sioux Indian Reservation should have alerted Black Hills to the possibility that the federal government had some interest in [the fossil]." Black Hills III, 12 F.3d at 744. It is a long settled rule that a party who has knowledge of facts that would cast doubt upon the transferability of title has a duty to investigate that title, and that a lack of caution and diligence in such situations amounts to bad faith. See State ex. rel. Dept. of Revenue v. Karras, 515 N.W.2d 248, 251 (S.D. 1994) ("notice of facts which would put a prudent person upon inquiry[] impeaches the good faith of the subsequent purchaser") (quoting Betts v. Letcher, 46 N.W. 193, 196 (S.D. 1890)); see also Moelle v. Sherwood, 148 U.S. 21, 30 (1893) (bona fide nature of transaction depends in part on reasonable diligence in ascertaining whether transfer is a "mere speculative chance in the property"); Brush v. Ware, 40 U.S. 93, 111 (1841) (having failed to diligently investigate known facts which cast doubt upon validity of title, the purchaser cannot prejudice the rights of innocent persons through his negligence). Given the Institute's failure to diligently investigate whether the fossil could be alienated absent government approval, it cannot be

considered a good faith, bona fide purchaser.  It is therefore not entitled to an equitable lien in its favor.

## B.

The Institute also contends that a statutory lien may be imposed in its favor.  Under South Dakota law, the lien ceases 120 days after any work, skill, services, or material was furnished to the fossil, unless a statement of lien is filed within this period.  S.D.C.L. § 44-9-15 (1983). The last day any work was performed on the fossil--the day it was seized by federal authorities--was May 14, 1992.  The lien statement was not filed until February 8, 1994, well after the expiration of the filing period. Because the statute is quite clear that the 120-day clock begins to run upon the completion of the work, and not upon the date when the parties' interests in the item are finally adjudicated, the Institute does not meet the requirements for a statutory lien.

## III.

The Institute is not entitled to either an equitable lien or a statutory lien.  Therefore, the decision of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-