# United States Court of Appeals for the Federal Circuit

_____

**PS PRODUCTS INC., BILLY PENNINGTON,**
*Plaintiffs-Appellants*

**v.**

**PANTHER TRADING CO. INC.,**
*Defendant-Appellee*

_____

2023-1665

_____

Appeal from the United States District Court for the Eastern District of Arkansas in No. 4:22-cv-00473-JM, Judge James M. Moody, Jr.

_____

Decided: December 6, 2024

_____

CHRIS STEWART, Chris Stewart, PLLC, Little Rock, AR, argued for plaintiffs-appellants.

STEPHEN D. ZINDA, Cabello Hall Zinda PLLC, Houston, TX, argued for defendant-appellee. Also represented by J. DAVID CABELLO.

_____

Before MOORE, *Chief Judge*, STOLL and CUNNINGHAM, *Circuit Judges*.

MOORE, *Chief Judge*.

PS Products, Inc. and Mr. Billy Pennington (collectively, PSP) appeal an order of the United States District Court for the Eastern District of Arkansas granting Panther Trading Company, Inc.'s (Panther) motion for sanctions. Because the district court did not apply an incorrect legal standard or abuse its discretion when awarding sanctions under its inherent power, we affirm. Panther requests attorney fees and costs for this appeal, arguing PSP's appeal is frivolous as argued. We decline to award attorney fees.

BACKGROUND

PSP owns U.S. Design Patent No. D680,188, directed to a long-spiked electrode for a stun device. On May 23, 2022, PSP filed the instant suit in the Eastern District of Arkansas, alleging Panther infringed the D'188 patent. J.A. 9–18;[1] *see also* J.A. 5. On June 24, 2022, Panther sent a Rule 11 letter and draft motion for Rule 11 sanctions to PSP's attorney of record, Mr. Chris Stewart. The letter alleged: (1) the infringement allegations were facially frivolous because the patented design and accused product were plainly dissimilar, and (2) venue was statutorily improper and the suit should not have been filed in Arkansas. That same day, Panther filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(3) for improper venue. PSP did not respond to Panther's Rule 11 letter or motion to dismiss.

After filing the motion to dismiss, Panther discovered a prior art marketing brochure from PSP depicting a design nearly identical to that claimed in the D'188 patent. On July 6, 2022, Panther sent another letter to Mr. Stewart,

---

[1]    "J.A." refers to the appendix filed with PSP's Opening Brief.

demanding the lawsuit be dismissed in light of the marketing brochure. PSP did not respond.

On July 11, 2022, PSP moved to voluntarily dismiss the case with prejudice. J.A. 20. On July 26, 2022, Panther sent PSP a letter demanding reimbursement for attorney fees and expenses incurred defending against the frivolous lawsuit and warning that refusal would lead to Panther seeking sanctions to dissuade PSP from further frivolous filings. PSP did not respond.

On August 1, 2022, the district court dismissed the case with prejudice. J.A. 2. The next day, Panther filed a motion for attorney fees and costs under 35 U.S.C. § 285 and $100,000 in deterrence sanctions under the court's inherent power. J.A. 22–23; *see also* J.A. 28. At a hearing on the motion, the district court deemed the case exceptional under § 285 and granted Panther's motion for attorney fees and costs totaling $43,344.88. J.A. 1. PSP and Mr. Stewart were jointly and severally liable. J.A. 69 ¶ 7.

The district court subsequently ordered PSP and Mr. Stewart to jointly and severally pay $25,000 in deterrence sanctions to the court. J.A. 1; *see also* J.A. 3. PSP filed a motion for reconsideration of deterrence sanctions. J.A. 62–67. The district court denied the motion. J.A. 7. PSP appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

PSP has not appealed the district court's finding that this is an exceptional case or its decision to grant attorney fees and costs, and PSP does not dispute the amount awarded. Oral Arg. at 0:39–0:48, available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23 -1665_10102024.mp3. PSP's appeal is limited to a claim that the district court erred in awarding an additional $25,000 in sanctions under its inherent power. *Id.* PSP

argues the district court erred by awarding sanctions for several reasons. First, PSP argues the district court is without authority to award sanctions when it has already awarded attorney fees and costs. Appellants' Br. 7–11. Second, PSP argues the district court applied the incorrect legal standard because the order did not state the sanctions were being imposed due to bad faith or fraudulent conduct. Oral Arg. at 3:22–3:37, 37:52–38:23. Finally, PSP argues the district court abused its discretion when it imposed deterrence sanctions under its inherent power. Appellants' Br. 12–25.

Panther requests attorney fees and costs for defending this appeal, alleging that PSP's appeal is frivolous as argued. We decline to award attorney fees for the appeal.

## I.

"District courts have the inherent power to control litigation by imposing sanctions appropriate to rectify improper conduct by litigants." *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1326 (Fed. Cir. 2011) (internal citation and quotation marks omitted). Whether the district court imposed sanctions under the correct legal standard is a question of law we review de novo. *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032 (Fed. Cir. 2006).

"When reviewing the imposition of sanctions under a district court's inherent powers, we apply the law of the regional circuit in which the district court sits, here the Eighth Circuit." *Monsanto Co. v. E.I. Du Pont de Nemours & Co.*, 748 F.3d 1189, 1196 (Fed. Cir. 2014). Under Eighth Circuit law, a court may use its inherent power to sanction parties' bad faith conduct during litigation. *Schlafly v. Eagle F.*, 970 F.3d 924, 936–37 (8th Cir. 2020). The Eighth Circuit reviews a district court's imposition of sanctions under its inherent powers for an abuse of discretion. *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). This standard applies to a court's "decision to

impose a sanction, the nature of the sanction imposed, and the factual basis for the court's decision." *Id.* A district court abuses its discretion when its decision rests on clearly erroneous factual findings or legal conclusions. *Miller v. Honkamp Krueger Fin. Servs., Inc.*, 9 F.4th 1011, 1013–14 (8th Cir. 2021).

## A.

PSP argues the district court legally erred by imposing deterrence sanctions under its inherent power when it had already awarded attorney fees and costs under 35 U.S.C. § 285. Appellants' Br. 7–11. It is well-settled that § 285 does not preclude a district court from separately imposing sanctions or fees under another authority. *See, e.g., Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1317 (Fed. Cir. 2011) (affirming district court award of attorney fees and costs under § 285 and sanctions for Rule 11 violation); *Takeda Chem. Indus., Ltd. v. Mylan Lab'ys, Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008) (affirming district court award of attorney fees and costs under § 285 and expert fees under the court's inherent power). We see no reason to treat sanctions under the court's inherent power differently from sanctions under Rule 11 or expert fees under the court's inherent power. We hold the district court can impose sanctions under its inherent power in addition to awarding attorney fees and costs under § 285.

## B.

We cannot conclude that the district court erred when it imposed sanctions due to PSP's bad faith conduct, which it inferred "[b]ased upon the lack of legal merit of this action and [PSP's] history of repeatedly filing meritless lawsuits in this district." J.A. 1. Whether PSP acted in bad faith is a factual determination that the Eighth Circuit reviews for clear error. *Black Hills Inst. of Geological Rsch., Inc. v. Williams*, 88 F.3d 614, 616 (8th Cir. 1996). The facts of this case support the district court's award of sanctions.

First, PSP's complaint did not state a plausible claim for design patent infringement. To establish design patent infringement, a plaintiff must show an "ordinary observer" would be deceived into believing the accused product is the same as the patented design. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). In some cases, however, the accused product and the patented design are "plainly dissimilar" such that it will be clear to an ordinary observer the two designs are not "substantially the same." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc).



| TABLE 1 | |
|---|---|
| '188 Patent Figures | Panther's Accused Product |
| Perspective view of claimed design | Perspective view of accused product |

J.A. 38.

No ordinary observer would be deceived into believing Panther's accused product is the same as the D'188 patented design, see above. No reasonable person could conclude that the facts of this case create a cause of action for design patent infringement. The accused product and patented design are so plainly dissimilar that it appears, as Panther argues, fairly characterized as a nuisance suit.

Second, PSP's complaint cited the general venue statute, 28 U.S.C. § 1391, rather than the patent-specific venue statute, 28 U.S.C. § 1400. J.A. 9 ¶ 2 ("Pursuant to 28 U.S.C. § 1391, venue in this suit lies in the Eastern District of Arkansas . . . ."). We have repeatedly warned to "be mindful of the specific and unambiguous nature of venue in applying the statute and be careful not to conflate showings that may be sufficient for other purposes, e.g., personal jurisdiction or the general venue statute, with the

necessary showing to establish proper venue in patent cases." *Valeant Pharms. N. Am. LLC v. Mylan Pharms. Inc.*, 978 F.3d 1374, 1380 (Fed. Cir. 2020) (cleaned up); *see also In re Cray Inc.*, 871 F.3d 1355, 1361 (Fed. Cir. 2017) (explaining "the regular and established place of business standard [under § 1400(b)] requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard [under § 1391(c)]").

Under 28 U.S.C. § 1400(b), venue is proper "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." PSP does not dispute that Panther neither resides in nor has a regular and established place of business in Arkansas. Panther resides in Maryland because it is incorporated there. J.A. 30; *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017) ("We therefore hold that a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."). Panther does not have a regular and established place of business in Arkansas because it has no physical presence there. J.A. 30; *Cray*, 871 F.3d at 1360 (explaining § 1400(b) requires, *inter alia*, "a physical place in the district"). Thus, venue is not proper in the Eastern District of Arkansas under the correct venue statute.

In addition to the serious flaws in the filing of this case, since 2010, PSP has filed twenty-five patent infringement lawsuits in the Eastern District of Arkansas. J.A. 31. PSP dismissed thirteen of those suits before, or soon after, answers were filed. *Id.* at n.3. PSP voluntarily dismissed three of those suits after motions to dismiss were filed by defendants but before the district court ruled on the motions. *Id.* at n.4. In two instances where the district court adjudicated the motions to dismiss, PSP's claims were either dismissed for failure to state a claim or lack of personal jurisdiction. *Id.* at n.5. In each of the twenty-five

lawsuits filed, PSP incorrectly asserted venue based on the general venue statute, 28 U.S.C. § 1391, rather than the patent-specific venue statute, 28 U.S.C. § 1400. Oral Arg. at 9:19–9:53 (PSP's counsel admitting he used the same complaint for each of the lawsuits and the complaint did not cite the correct venue statute).

While the district court did not individually analyze each of the twenty-five lawsuits, it was reasonable given these facts for the district court to infer PSP's many other lawsuits mirroring this suit's procedural posture were similarly meritless. Under these circumstances, the district court did not clearly err when it inferred bad faith from PSP's history of filing meritless lawsuits.

C.

PSP argues the district court abused its discretion when it imposed sanctions under its inherent power. Appellants' Br. 12–25. We do not agree.

PSP argues the quantity of lawsuits filed does not warrant sanctions. Appellants' Br. 20–22 (citing *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1349–50 (Fed. Cir. 2015)). PSP's reliance on *SFA Systems* is misplaced. In *SFA Systems*, we affirmed the district court's judgment denying fees and holding the case was not exceptional under § 285, where the sole allegation was the patentee's history of filing many lawsuits and settling for low amounts. 793 F.3d at 1351. Here, the determination of exceptionality is not challenged on appeal. Oral Arg. at 0:39–0:48. More importantly, the sanction was not solely based on PSP's history of filing many lawsuits but on PSP's history of filing *meritless* lawsuits. J.A. 1. There is, for example, no dispute that PSP filed all twenty-five lawsuits in the Eastern District of Arkansas pursuant to the wrong venue statute and, at least in this suit, venue would be improper under the correct venue statute. Oral Arg. at 8:25–9:02 (PSP's counsel admitting venue was alleged due to defendants "selling into the district" under the general

venue statute because "that is the only way we could have brought [those lawsuits]").

PSP further argues its conduct must be "sufficiently beyond 'exceptional'" to justify sanctions under the court's inherent power. Appellants' Br. 23 (quoting *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 379 (Fed. Cir. 1994)). *Amsted* is inapposite because it involved an award of expert witness fees beyond the limits of 28 U.S.C. § 1821(b), not a sanction paid directly to the court. 23 F.3d at 379.

PSP does not dispute the district court could have imposed the sanction under Rule 11. FED. R. CIV. P. 11(c)(4) ("The sanction may include . . . an order to pay a penalty into court . . . ."). However, Rule 11 sanctions were unavailable because PSP dismissed the case before Panther could file a Rule 11 motion.[2]  J.A. 32–33.  Given there were no other mechanisms to sanction PSP's bad faith conduct except the court's inherent power, the district court acted within its discretion by relying on its inherent power to sanction conduct that would typically fall under Rule 11. "[W]hen there is bad faith conduct in the course of litigation that could be adequately sanctioned under the [Federal Rules of Civil Procedure], the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the

---

[2]    Federal Rule of Civil Procedure 11(c)(2) requires a motion for sanctions based on improper filings be served on the offending party but not filed with the court for 21 days, allowing the party to correct or withdraw the offending document before any sanctions are imposed.  Thus, Panther could not have filed its Rule 11 motion until 21 days after serving a draft of the motion on PSP.  Panther served its draft motion on June 24, 2022, making the 21-day deadline July 15, but PSP dismissed the case with prejudice on July 11.  J.A. 20.

statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

The district court did not abuse its discretion by imposing sanctions under its inherent power. Panther requested $100,000 in sanctions, but the district court found "$25,000.00 is sufficient to deter the repeated filing of meritless lawsuits in this district." J.A. 1.

## II.

Panther requests attorney fees and costs for defending this appeal because PSP's appeal is frivolous as argued.[3] Appellee's Br. 42–46. Although it is a close call, this appeal is not frivolous.

We have discretion over whether to "award just damages and single or double costs to the appellee." FED. R. APP. P. 38. As we have explained:

> [T]here are two senses in which an appeal can be held frivolous: First, where an appeal is taken in a case in which "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue," the appeal is held to be "frivolous as filed." Second, even in cases in which genuinely appealable issues may exist, so that the taking of an appeal is not frivolous, the appellant's misconduct in arguing the appeal may be such as to justify holding the appeal to be "frivolous as argued."

*Romala Corp. v. United States*, 927 F.2d 1219, 1222 (Fed. Cir. 1991) (internal citations omitted).

---

[3]   Panther does not argue the appeal is frivolous as filed. Oral Arg. at 31:31–31:41.

While this appeal, and the arguments made herein, are entirely without merit, they are not quite frivolous. It was not, for example, frivolous to argue, as PSP did, that the district court could not award deterrence sanctions under its inherent power in addition to attorney fees pursuant to § 285. While the argument is without merit, it has not previously been decided by this court.

Panther presents three reasons why PSP's conduct on appeal is sanctionable: PSP (1) misrepresented the record, (2) continued to misrepresent the law on patent venue and argue its infringement claims were reasonable, and (3) ignored Federal Rule of Appellate Procedure 30. Appellee's Br. 43–45.

First, PSP does not misrepresent the record by claiming Panther moved for sanctions under § 285 when Panther sought sanctions under the district court's inherent power. PSP is not arguing that Panther moved for sanctions under § 285; rather, PSP is arguing that the district court could not issue deterrence sanctions because § 285 is the only authorized remedy and does not allow for additional sanctions. Appellants' Reply Br. 6–9.

Second, PSP does continue to make the same meritless arguments on infringement and venue that it raised before the district court. *See, e.g.*, Appellants' Br. 18 ("[T]here exist legal claims for infringement for a fact-finder pursuant to an ordinary reasonable observer. Panther had placed in the stream of commerce on its website a product that infringed on the Plaintiff's spiked electrode patent." (internal citations omitted)). But merely repeating meritless arguments, without more, does not make an appeal frivolous as argued. *Romala*, 927 F.2d at 1224 ("As we have on other occasions noted, a meritless appeal is by no means necessarily a frivolous one . . . .").

Finally, PSP did not consult with Panther and include Panther's designated parts of the record in the appendix, in violation of Federal Rule of Appellate Procedure 30.

While PSP behaved poorly, this is not the type of conduct that would make the appeal frivolous as argued. *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1383 (Fed. Cir. 2019) ("For example, an appeal may be frivolous as argued when the appellant distorts the record, by disregarding or misrepresenting the clear authority against its position, and by attempting to draw illogical deductions from the facts and the law." (cleaned up)). Although a close case on the frivolous as argued standard, we decline to impose attorney fees.

## CONCLUSION

We have considered PSP's remaining arguments and find them unpersuasive. For the reasons given above, we affirm the district court's order granting deterrence sanctions.

## AFFIRMED

### COSTS

Costs to Panther.